UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

MICHAEL BELIK,

    Plaintiff,

vs.

CARLSON TRAVEL GROUP, INC.
d/b/a SINGLESCRUISE.COM;
TRAVEL LEADERS LEISURE GROUP, LLC.;
TRAVEL LEADERS GROUP, LLC.; CARLSON TRAVEL
HOLDINGS, INC.; CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINE; OPERADORA
ANDERSON S.A. de C.V. d/b/a GRUPO
ANDERSONS; PALANGANA S.A. de C.V. ½
SENOR FROGS d/b/a SENOR FROGS; and
GRUPO NOGALERO, S.A. de C.V. CARLOS N CHARLIES
d/b/a CARLOS N CHARLIES,

    Defendants

_____/

## **COMPLAINT**

The Plaintiff, MICHAEL BELIK, hereby sues the Defendants CARLSON TRAVEL

GROUP, INC. d/b/a SINGLESCRUISE.COM; TRAVEL LEADERS LEISURE GROUP, LLC.;

TRAVEL LEADERS GROUP, LLC. And CARLSON TRAVEL HOLDINGS, INC. (hereinafter

collectively referred to as the SINGLESCRUISE Defendants); CARNIVAL CORPORATION d/b/a

Carnival Cruise Line (hereinafter referred to as CARNIVAL); and OPERADORA ANDERSON

S.A. de C.V., d/b/a GRUPO ANDERSONS; PALANGANA S.A. de C.V. ½ SENOR FROGS d/b/a

SENOR FROGS; GRUPO NOGALERO, S.A. de C.V. CARLOS N CHARLIES d/b/a CARLOS N

CHARLIES (hereinafter collectively referred to as the SENOR FROGS Defendants), and files this Complaint, and says:

## THE PARTIES AND JURISDICTION

1.     This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2.     Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333. This action is being filed in this Court pursuant to and in full compliance with the terms and condition in the passenger contract ticket issues by the cruise line defendant CARNIVAL.

3.     The Plaintiff, MICHAEL BELIK, is sui juris and is and at all times material hereto was a citizen and resident of Douglaston, New York.

4.     The   Defendant,   CARLSON   TRAVEL   GROUP,   INC.   d/b/a SINGLESCRUISE.COM, is a corporation authorized and existing under the laws of a state other than the state of Florida, but which owns the fictitious name SINGLESCRUISE.COM whose mailing address and headquarters is located in Ft. Lauderdale, Florida.

5.     The Defendant, TRAVEL LEADERS LEISURE GROUP, LLC., is a limited liability corporation authorized and existing under the laws of a state other than Florida.

6.     The Defendant, TRAVEL LEADERS GROUP, LLC., is a limited liability corporation authorizing and existing under the laws of a state outside of Florida.

7.     The Defendant, CARLSON TRAVEL HOLDINGS, INC., is a corporation organized and existing under the laws of a state other than Florida.

8.     The     Defendants,     CARLSON     TRAVEL     GROUP,     INC.     d/b/a SINGLESCRUISE.COM; TRAVEL LEADERS LEISURE GROUP, LLC.; TRAVEL LEADERS GROUP, LLC. and CARLSON TRAVEL HOLDINGS, INC. shall be referred to herein collectively  as  the  SINGLESCRUISE  Defendants.     At  all  times  material  hereto,  the SINGLESCRUISE Defendants did business in Florida, had an office in Florida, promoted its business by selling cruises and the SINGLESCRUISE experience through an interactive website marketed to residents in Florida, maintained an ongoing business and contractual relationship with CARNIVAL whose principal place of business is in Miami, Florida whereby the SINGLESCRUISE Defendants would sell cruise tickets and excursions which it would purchase at a discount from CARNIVAL in order to organize its singles cruise within the CARNIVAL cruise, acted as agent for Carnival Corporation which is based in Miami, Florida, using the name and brand of its principal Carnival Corporation which is located in Miami, Florida and on at least one occasion availed themselves of the jurisdiction of the courts in the state of Florida in *Carlson Travel Group, Inc. v. Hahn*, in the County Court in and for Palm Beach County, Florida, Case No. 50 1993 CC 009045 XX CVRF.  At all times material hereto, the SINGLESCRUISE Defendants managed, promoted, organized, and took control over groups of cruise passengers and over events including parties and shore excursions, which such cruise passengers would attend.  The SINGLESCRUISE Defendants took control over the management, safety, and security of those events.  The SINGLESCRUISE Defendants at all times material hereto marketed through their operations utilizing the fictitious name of SINGLESCRUISE.COM

which has an address of Ft. Lauderdale, Florida, and which has offices and employees in Ft. Lauderdale, Florida.

9.      The Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE, is a corporation authorized and existing under the laws of a state or nation outside the state of Florida, but does business and its principal place of business is located in Miami-Dade County, Florida. The Defendant CARNIVAL at all times material hereto operated CARNIVAL CRUISE LINE and specifically the ship Carnival Valor and facilitated the Cozumel Beach Party event which were managed, promoted, and/or organized by the SINGLESCRUISE Defendant. CARNIVAL acted as principal in an agency relationship with the SINGLESCRUISE Defendants. CARNIVAL acted pursuant to a contract with the SINGLESCRUISE Defendants and provided the subject cruise ship, the subject cruise, and the opportunity for the SINGLESCRUISE Defendants to host the events which they hosted for their cruisers. The Defendant CARNIVAL requires in its ticket contract that its passengers, including the Plaintiff herein, file suit against CARNIVAL only in the District Court for the Southern District of Florida. (The Defendant CARNIVAL has a copy of the Ticket Contract; the Plaintiff does not have a copy of the Ticket Contract.)

10.      The Defendant, OPERADORA ANDERSON S.A. de C.V., d/b/a GRUPO ANDERSONS is a corporation authorized and existing under the laws of a state or nation outside of Florida, and which at all times material hereto has done and does business in the state of Florida through its agents, PALANGANA S.A. de C.V. ½ SENOR FROGS d/b/a SENOR FROGS; GRUPO NOGALERO, S.A. de C.V. CARLOS N CHARLIES d/b/a CARLOS N CHARLIES; CARLOS N CHARLIES (which is a Florida limited liability company and which owns the fictitious name Carlos N Charlies and which owns and operates a restaurant in Lake Mary, Florida), and CARLOS & CHARLIES ENTERPRISES, LLC (which is a Florida limited liability company

with the principal street address in North Miami Beach, Florida).   At all times material hereto, this Defendant operated, controlled, and was responsible for the safety and security of patrons of Senor Frogs restaurant, bar, and entertainment area located in Cozumel, Mexico.   At all times material hereto, this Defendant marketed itself and the restaurants it owns, including but not limited to Senor Frogs where this accident occurred and Carlos N Charlies located in Florida, through a group of interconnected, which at all times hereto had an interactive websites which OPERADORA ANDERSON S.A. de C.V. controls.   This website allows, promotes, and encourages in Florida the sales and marketing of the Senor Frogs and Carlos N Charlies restaurants, purchases of items from those restaurants and the other SENOR FROGS Defendants, a blog, information, and a newsletter, all of which are marketing to the residents of Florida.   This marketing includes but is not limited the marketing of SENOR FROGS in Cozumel, Mexico and CHARLIES MIAMI, LLC. d/b/a CARLOS N CHARLIES, a limited liability company authorized and existing under the laws of the state of Florida and whose principal place of business is in Winter Park, Florida.   Further, the SENOR FROGS Defendants market the Senor Frogs restaurant and bar in Cozumel, Mexico where this accident occurred through the SINGLESCRUISE Defendants by its ongoing business and contractual relationship with the SINGLESCRUISE Defendants, thus using a company with a Florida office and its Florida based website as its agent to market its Mexican restaurant and bar.

11.   The Defendant, PALANGANA S.A. de C.V. ½ SENOR FROGS d/b/a SENOR FROGS is a corporation authorized and existing under the laws of a state or nation outside of Florida.   At all times material hereto, this Defendant has done and does business in the state of Florida through its agents, OPERADORA ANDERSON S.A. de C.V., d/b/a GRUPO ANDERSONS; GRUPO NOGALERO, S.A. de C.V. CARLOS N CHARLIES d/b/a CARLOS N CHARLIES; CARLOS N CHARLIES (which is a Florida limited liability company and which

owns the fictitious name Carlos N Charlies and which owns and operates a restaurant in Lake Mary, Florida), and CARLOS & CHARLIES ENTERPRISES, LLC (which is a Florida limited liability company with the principal street address in North Miami Beach, Florida).   At all times material hereto, this Defendant operated, controlled, and was responsible for the safety and security of patrons of Senor Frogs restaurant, bar, and entertainment area located in Cozumel, Mexico.  At all times material hereto, this Defendant marketed itself and the restaurants it owns, including but not limited to Senor Frogs where this accident occurred and Carlos N Charlies located in Florida, through a group of interconnected websites, which at all times material hereto were controlled by OPERADORA ANDERSON S.A. de C.V..  This website allowed, promoted, and encouraged in Florida the sales and marketing of the Senor Frogs and Carlos N Charlies restaurants, facilitated at all times hereto material purchases of items from those restaurants and the other SENOR FROGS Defendants, a blog, information, and a newsletter, all of which are marketing to the residents of Florida.  This marketing includes but is not limited the marketing of CHARLIES MIAMI, LLC. d/b/a CARLOS N CHARLIES, a limited liability company authorized and existing under the laws of the state of Florida and whose principal place of business is in Winter Park, Florida and SENOR FROGS in Cozumel, Mexico.  Further, the SENOR FROGS Defendants market the Senor Frogs restaurant and bar in Cozumel, Mexico where this accident occurred through the SINGLESCRUISE Defendants by its ongoing business and contractual relationship with the SINGLESCRUISE Defendants, thus using a company with a Florida office and its Florida based website as its agent to market its Mexican restaurant and bar.

12.  The Defendant, GRUPO NOGALERO, S.A. de C.V. CARLOS N CHARLIES d/b/a CARLOS N CHARLIES is a corporation authorized and existing under the laws of a state or nation outside of Florida.  At all times material hereto, this Defendant has done and does business in the

state of Florida through its agents, OPERADORA ANDERSON S.A. de C.V., d/b/a GRUPO

ANDERSONS; PALANGANA S.A. de C.V. ½ SENOR FROGS d/b/a SENOR FROGS and

CARLOS N CHARLIES (which is a Florida limited liability company and which owns the

fictitious name Carlos N Charlies and which owns and operates a restaurant in Lake Mary, Florida),

and CARLOS & CHARLIES ENTERPRISES, LLC (which is a Florida limited liability company

with the principal street address in North Miami Beach, Florida).   At all times material hereto, this

Defendant operated, controlled, and was responsible for the safety and security of patrons of Senor

Frogs restaurant, bar, and entertainment area located in Cozumel, Mexico.   At all times material

hereto, this Defendant marketed itself and the restaurants it owns, including but not limited to the

Senor Frogs where this accident occurred and Carlos N Charlies located in Florida, through a group

of interconnected, which at all times material hereto had an interactive websites which

OPERADORA ANDERSON S.A. de C.V. controls.   This website allows, promotes and encourages

in Florida the sales and marketing of the Senor Frogs and Carlos N Charlies restaurants, facilitated

at all times hereto material purchases of items from those restaurants and the other SENOR FROGS

Defendants, a blog, information, and a newsletter, all of which are marketing to the residents of

Florida.   This marketing includes but is not limited the marketing of CHARLIES MIAMI, LLC.

d/b/a CARLOS N CHARLIES, a limited liability company authorized and existing under the laws

of the state of Florida and whose principal place of business is in Winter Park, Florida and SENOR

FROGS in Cozumel, Mexico.   Further, the SENOR FROGS Defendants market the Senor Frogs

restaurant and bar in Cozumel, Mexico where this accident occurred through the SINGLESCRUISE

Defendants by its ongoing business and contractual relationship with the SINGLESCRUISE

Defendants, thus using a company with a Florida office and its Florida based website as its agent to

market its Mexican restaurant and bar.

13.   The Defendants, at all times material hereto, personally and/or through agents in the county and in the district in which this Complaint is filed:

    a.   Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

    b.   Had an office or agency in this state and/or county; and/or

    c.   Engaged in substantial activity within this state; and/or

    d.   Committed one or more of the acts stated in Florida Statutes sections 48.081, 48.181 and/or 48.193.

14.   The Defendants are subject to the jurisdiction of the Courts of this state and of this United States District Court.

15.   All conditions precedent for filing and maintaining this action have been fulfilled, performed, and/or waived.

### OTHER ALLEGATIONS COMMON TO ALL COUNTS

16.   This is an action for personal injuries which arose as a result of an event which was organized, promoted, and managed by the SINGLESCRUISE defendants and which arose as a result of a cruise on a vessel owned and/or operated by the defendant CARNIVAL which was part and parcel of the cruise itself.   The event and the accident and injuries occurred on premises controlled and managed by the SENOR FROGS defendants.

17.   At all times hereto, the Plaintiff was a passenger on the subject cruise ship and accordingly was an invitee while on those premises and/or while attending excursions and the subject event which was promoted and provided to passengers of the cruise line.

18.   **STATUS OF THE PLAINTIFF AND AS OF THE DATE AND TIME OF THE ACCIDENT.**   At all times material hereto, the Plaintiff was a passenger of the Carnival Valor, a

cruise ship owned and operated by CARNIVAL and on an excursion which was provided, promoted, advertised, sold, managed and vouched for by the agent of the cruise line, that is the SINGLESCRUISE Defendants.

19. **DECRIPTION OF THE ACCIDENT AND DUTIES OWED.**   The SINGLESCRUISE Defendants are "the largest singles cruise operator in the United States". These Defendants organize, promote, and manage cruises and groups of cruise passengers in events which occur both on and off the Carnival cruise ships. The events which occur off the ship are part and parcel of the cruise itself. As such, SINGLESCRUISE Defendants undertake to control and manage the safety and security of its passengers which attend its events, called Shore Excursions.

20. On or about April 9, 2010, the SINGLESCRUISE Defendants organized, promoted, and undertook to manage the safety and security of its group, including the Plaintiff herein at a party on the premises owned and controlled by the SENOR FROGS Defendants, Senor Frogs in Cozumel, Mexico. That event was called by the SINGLESCRUISE Defendants as the Cozumel Beach Party and billed as a party which included "unlimited drinks for three and half solid hours". The party, according to the SINGLESCRUISE Defendants on their website, has "a waterslide directly into the ocean and plenty of music and drinks to keep us partying the day away".

21. The SINGLESCRUISE Defendants also make representations in their literature and online about the control which they exercise over the cruises, the passengers on the cruises within its group, and the event which it hosts. They also make representations about the safety and security of those events. These representations are more fully described below.

22. Despite these representations, the SINGLESCRUISE Defendants failed to manage the safety and security of the event, that is an all day drinking party, where they knew people who had been drinking and partying, and where the patrons are allowed and encouraged to slide, jump, and

dive into the waters below the seawall on and surrounding the Senor Frogs premises. Even though the SINGLESCRUISE defendants undertook to manage the safety and security of its passengers at its event and undertook to choose the venue for the event, these Defendants chose a venue which was not reasonably safe and was negligent in its management of the safety and security of the event. The SINGLESCRUISE Defendants also failed to warn any of its participants and passengers of the dangers of sliding, jumping, and diving from the seawall surrounding and on the property of Senor Frogs into the ocean at areas the depth of which was not readily apparent. As a result of this mismanagement of the negligent safety and security at this event, the failure to warn of the dangers and of the fact that the water was too shallow to slide, jump, and dive into, and the mismanagement of alcohol service at the event, several CARNIVAL passengers and SINGLESCRUISE participants over the course of the 3 ½ hour unlimited drinking party dove into the water from the seawall at the location chosen and managed by the SINGLESCRUISE Defendants and the SENOR FROGS defendants. The Plaintiff was one of those CARNIVAL passengers and SINGLESCRUISE participants and when he dove or jumped into the water off of the seawall at the party, he struck his head on the shallow bottom and suffered permanent, debilitating, and serious injuries.

23.   The depth of waters from the surface for an inexperienced diver or ocean swimmer is difficult to determine and can be and in this case was deceptive. The depth of such waters appears to be deeper than it actually is at this location. The SINGLESCRUISE Defendant passengers, all of whom are CARNIVAL passengers, including the Plaintiff herein, are people who generally are not familiar with the water in the Caribbean and especially with the depth of the water off of the seawall at the base of the slide at SENOR FROGS.

24.   The Defendants on the other hand are or should be familiar with the depth of the water in that area. Yet, the Defendants provided no warning about the fact that the water at that

location actually is too shallow either to jump or dive into the area without risk of serious bodily injury.

25.     The Defendants knew or certainly should have known that people patronizing SENOR FROGS at the International Pier in Cozumel, within sight of the cruise ships, were utilizing the waterslide at SENOR FROGS and were jumping and diving in the water from the seawall surrounding SENOR FROGS.  SENOR FROGS knew of the activities of its patrons because SENOR FROGS provided a water slide which propelled patrons from the roof of its building into the water off of its seawall, and regularly and systematically encouraged and promoted excessive drinking by its patrons.

26.     The other defendants, CARNIVAL and the SINGLESCRUISE Defendants, at all times material hereto also knew of and were familiar with the circumstances at SENOR FROGS restaurant/bar over an extended period of time before the incident which is the subject of this complaint.  SENOR FROGS is located in the Port of Cozumel.  The bar/restaurant is within sight of the cruise ships at that port.  CARNIVAL knew that passengers from the cruise lines, including theirs, regularly patronize SENOR FROGS, that many of those passengers engaged in drinking of alcoholic beverages at that restaurant/bar, and that many of the patrons of the restaurant/bar who had been drinking engaged in sliding, jumping, and diving from the slide or from the seawall into the ocean surrounding the bar/restaurant.  The SINGLESCRUISE Defendants knew that their own groups also engaged in these activities at the SENOR FROGS and even provided two "cruise directors", employees of the SINGLESCRUISE Defendants, to accompany their groups to SENOR FROGS.

27.     **DUTIES OWED BY THE SINGLECRUISE DEFENDANTS.**  The SINGLESCRUISE Defendants' duties arise from (a) the fact that the SINGLESCRUIES

Defendants **organized, arranged, promoted, sponsored, marketed, advertised, sold, and carried out the cruise and the event** at which the accident occurred, (b) the SINGLESCRUISE Defendants **represented** on their website and in their literature about their ability to control the events they organize and sponsor and representations and that they organize, promote, and manage the safety and security of these events and provide a safe and high quality event and venue, in representations more fully described below, (c) the SINGLESCRUISE Defendants **voluntarily undertook** to furnish personnel at the event and vouching for the safety of the event and the quality and reputation of the owners of the venue, and to actually organize, promote, and manage the safety and security at the event; (d) the SINGLESCRUISE Defendants **allowed and promoted heavy drinking of alcohol** by young people at the subject event; and (e) the SINGLESCRUISE Defendants **allowed and promoted sliding, jumping, and diving into the water** from the seawall surrounding and on the premises of the venue, the Senor Frogs at the International Pier in Cozumel, Mexico.

28.    The    SINGLESCRUISE    Defendants    operate    a    website    called SINGLESCRUISE.COM and have offices, employees, and operations in Ft. Lauderdale, Florida. According to these defendants, SINGLESCRUISE.COM is the "**largest singles cruise operator in the United States**". Within the SINGLESCRUISE.COM cruises, SINGLESCRUISE.COM offers exclusive events hosted by "**professional cruise directors**". The event at which this accident occurred was billed by SINGLESCRUISE.COM as the Cozumel Beach Party excursion with a "**water slide directly into the ocean**" and "**unlimited drinks for three and half solid hours**".

29.    The SINGLECRUISE Defendants represent that they have **control over and actually operate the cruise**. SINGLECRUISE.COM advertises that it is "**the largest singles cruise operator in the United States**". It also advertises that it offers "**exclusive events hosted**".

The solicitations on the website of SINGLECRUISE.COM invite passengers, including the Plaintiff herein, to "**book with us**".  SINGLECRUISE.COM represents that they "**may modify, change or cancel a cruise at any time and for any reason whatsoever**.  A hosted group departure may also be modified, changed or cancelled and may go unhosted should there be an insufficient number of guests".  In other words, SINGLECRUISE.COM can change, alter or cancel a cruise or any event at any time.  They have complete control.   A copy of the pages of the SINGLECRUISE.COM website with these representations about control is attached hereto as **EXHIBIT A**.

30.    The SINGLECRUISE Defendants also represent on the SINGLECRUISE.COM website that **they "offer" several shore excursion options**.  Further, the site represents that "**we arrange the shore tours with a variety of local third party native vendors who are extremely reputable and professional**".  A copy of the relevant page of the SINGLESCRUISE Defendant website with the representations referenced above is attached hereto as **EXHIBIT B**.  Their site represents that SINGLECRUISE.COM is "**offering exclusive events hosted by professional cruise directors**".  They also represent that these cruises are "**our cruises**", and that the guests are "**our guests**" and "**our customers**".  They also represent that "**our cruises are also fully hosted by a team of professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience.**"  A copy of the relevant pages of the SINGLESCRUISE Defendant website with the representations referenced above is attached hereto as **EXHIBIT C**.

31.    **MISREPRESENTATIONS OF THE SINGLECRUISE DEFENDANTS**  The SINGLECRUISE Defendants also has made misrepresentation of material fact upon which they intended others to rely namely in choosing singles to go on and to purchase a SINGLECRUISE.COM cruise.  Those misrepresentations are contained on their website and in

their literature.  Those misrepresentations include but are not limited to representations that "**our cruises are also fully hosted by a team of professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience**".  The SINGLECRUISE Defendants, in their literature and on their website, also misrepresent the level of safety and security.  They represent: "**the safety and satisfaction of our guests is always the #1 concern of the cruise line and SINGLECRUISE.COM**".  A copy of the page from the website of SINGLECRUISE.COM with these misrepresentations is attached hereto as **EXHIBIT C**.

32.     The SINGLECRUISE Defendants also **misrepresent the quality of the vendors**, in this case an outside restaurant and bar, which they use for its event.  These Defendants on the website represent, for example: "we arrange the shore tours with a variety of local third party native vendors who are **extremely reputable and professional**".  One of the shore tours listed includes "beach parties", which included the Cozumel Beach Party at which this accident occurred.  This was a misrepresentation of material fact made by the SINGLECRUISE Defendants with the knowledge of their falsity and with the intent to have others, namely prospective customers and cruise passengers including the Plaintiff herein, rely on them in order to determine whether to purchase tickets for this cruise and for this excursion.  The Plaintiff herein did rely upon those misrepresentations justifiably and to his detriment in that he purchased the subject cruise ticket and the subject ticket or entrance fee for the SINGLESCRUISE Cozumel Beach Party excursion.

33.     **DUTIES OWED BY CARNIVAL**.  The Defendant CARNIVAL owed a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein.  See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004).  The Defendant also owed a "duty to exercise reasonable care under the circumstances".  See, *Harnesk vs. Carnival Cruise Lines, Inc*,

1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendants "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

34.     CARNIVAL'S duties also arise by its **ongoing contractual and business relationship with the SINGLESCRUISE Defendants**. CARNIVAL through its ongoing contractual and business relationship with the SINGLESCRUISE Defendants offers to the SINGLESCRUISE Defendants a certain number of cabins for the SINGLESCRUISE Defendants to utilize for the SINGLESCRUISE passengers, that is the passengers who have signed up for the cruise through and in order to be associated with the SINGLESCRUISE group onboard a CARNVIAL ship. The Plaintiff does not have a copy of the contract between these parties but the parties, CARNIVAL and the SINGLESCRUISE Defendants, do have a copy. Under the express and/or implied terms of that contract, the SINGLESCRUISE Defendants provide at a discounted rate cruise passengers for CARNIVAL ships. The SINGLESCRUISE Defendants advertise on their website and otherwise that they provide onboard programs for its passengers and shore excursions for its passengers.

35.     CARNIVAL has **specific and direct knowledge or constructive knowledge of those excursions, including the Cozumel Beach Party**, and has specific and direct or constructive knowledge that the Cozumel Beach Party is a party involving young people who are offered "unlimited drinks for three and half solid hours" at a venue which allows, promotes, and encourages its patrons to slide, jump, and dive into the water from the seawall which surrounds and is on the premises of the bar and restaurant, Senor Frogs, with a complete lack reasonable security, safety, and management. The Cozumel Beach Party was a regular excursion which was organized, arranged, promoted, sponsored, marketed, advertised, sold, and carried out by the

SINGLESCRUISE Defendants on a regular basis for CARNIVAL passengers, the passengers on the excursion were all CARNIVAL passengers, and Senor Frogs and the activities of Senor Frogs can be seen from the cruise ship itself when docked at the International Pier in Cozumel, Mexico, the pier at which all of the CARNIVAL ships dock in Cozumel and the same pier at which Senor Frogs is located.

36.     CARNIVAL knew or certainly should have known that the SINGLECRUISE Defendants were organizing and taking CARNIVAL's own passengers to the Cozumel Beach Party excursion, with "unlimited drinks for three and half solid hours" at a facility which allows, promotes, and encourages sliding, jumping and diving into the water from the pier surrounding and on the premises of the bar and restaurant, Senor Frogs, and that those activities were unsupervised and carried out in a negligent and unsafe manner.

37.     CARNIVAL also is the principal for its **agent, the SINGLECRUISE Defendants**. The SINGLECRUISE Defendants advertise, publicize and represent to the public that SINGLECRUISE is an agent of the cruise line which in this case is CARNIVAL. On the website of SINGLECRUISE.COM, for example, the SINGLECRUISE Defendants represent that they are a travel company acting as an **agent for, among others, cruise lines**. CARNIVAL certainly knows about these representations and allows these representations to occur. CARNIVAL has the authority and ability to control whatever representations are made by its agent and certainly by the people with whom it does business. Accordingly, SINGLECRUISE.COM is either the actual or the apparent agent of CARNIVAL. As a result of this agency relationship, CARNIVAL is responsible and liable for the actions, conduct, and negligence of the SINGLECRUISE Defendants.

38.     **DUTIES OWED BY THE SENOR FROGS DEFENDANTS**. The SENOR FROGS Defendants own and/or manage a restaurant and bar known as Senor Frogs in Cozumel,

Mexico.   The SENOR FROGS Defendants through their ongoing business and contractual relationship with the SINGLESCRUISE Defendants and at all times material hereto provided its facility and hosts a Cozumel Beach Party for the SINGLESCRUISE cruise passengers, and markets itself through SINGLESCRUISE otherwise.  SENOR FROGS at the Cozumel Beach Party provides a waterslide into the ocean; allows, promotes, and encourages sliding, jumping and diving into the water from the seawall surrounding and on the premises of the restaurant and bar; and provides "unlimited drinks for three and half solid hours" to a large group of young people on vacation.

39.     The SENOR FROGS Defendants promote the Senor Frogs restaurant not just as a bar but as an entertainment concept, and they promote and encourage excessive drinking.  For example, Vice President of Development Jorge Hinojosa, represents in a press release for Senor Frogs restaurant and bar that:

> "SENOR FROGS is not just a restaurant or a bar.  It is a full entertainment idea and concept", said Jorge Hinojosa, Vice President of development for Cancun-based OPERADORA ANDERSON S.A. de C.V.'s.  "People are entertained from the minute they walk-in to the minute they walk-out".  With its infamous party scene featuring nightly entertainment, non-stop activities and the sixteen-ounce "yard glass", it is no wonder vacationers to any one of SENOR FROGS locations in Mexico or the Caribbean are in the party (and drinking) mode not long after walking in the door.
>
> The Mexico and Caribbean locations average sales of 2.5 drinks per person tallying up to a $14 average check.  Popular items on those checks are the take home Yard Glass and the Tequila Bandera.  Yard Glass drinks include a take home souvenir glass, prompting even higher alcohol sales.

A copy of that press release is attached hereto as **EXHIBIT D**.

40.     At the Cozumel Beach Party event, Senor Frogs serves unlimited alcohol to young people in their twenties and thirties.  They offer a slide into the ocean.  They know that others are jumping and diving into the ocean from their seawall at the base of the slide.  They know that people are inebriated or under the influence of alcohol.  Yet, they offer no reasonable security, no

reasonable warnings, no reasonable barriers or discouragement to jumping or diving in the water, no reasonable control of the service of alcohol, and a lack of reasonable management and lack of warnings of the dangers which are not apparent to any jumper or diver. The Plaintiff participating in the party dove in and suffered serious permanent and debilitating injuries.

41.   **APPLICABLE LAW.** This case is under the maritime jurisdiction of the Court and therefore the general maritime law of the United States applies to this case. The accident occurred as the Plaintiff was a passenger engaged in activities, an excursion, which provided, promoted, organized, advertised, sold, and vouched for by the SINGLESCRUISE Defendants as agents for the cruise line, CARNIVAL, to the passengers on the cruise ship as part and parcel of the SINGLESCRUISE cruise experience. Thus, maritime jurisdiction conditions of connection to traditional maritime activity and of location are satisfied.

42.   Further, this accident was caused by the negligence of, inter alia CARNIVAL in its policies and procedures established in and implemented from its headquarters in Miami, Florida. Further, this accident was caused by the negligence of the SINGLESCRUISE Defendants as "operators" of the cruise and as "agents" for CARNIVAL. Thus, the law and remedies are those provided by the General Maritime Law.

### COUNT I
### NEGLIGENT SECURITY AND MANAGEMENT OF EVENT
### – SINGLESCRUISE DEFENDANTS

43.   The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 39, above.

44.   The SINGLESCRUISE Defendants, specifically named and referenced above, owe duties of reasonable care to the Plaintiff herein. Those duties arise through the actions, conduct,

and/or representations made by the SINGLESCRUISE Defendants and by the facts and circumstances of the case, described above.

45.    The duties of the SINGLESCRUISE Defendants are to provide reasonable security and reasonable management of events such as the Cozumel beach party event which was organized, promoted, supervised, and sold by the SINGLESCRUISE Defendants.

46.    The SINGLESCRUISE Defendants breached their duties to provide reasonable and safe security and management of this event by their actions, conduct, and failures which include but are not limited to the following:

   a.    Failure to reasonably and properly manage a group of young people which were provided "unlimited drinks for three and half solid hours" and a "waterslide directly into the ocean" and where other water activities such as jumping and diving is allowed, encouraged, and known to take place all during the day and on a regular basis;

   b.    Failure to reasonably and properly monitor the activities at the Cozumel Beach Party event so as to know if and when individuals are impaired, inebriated, or under the influence of alcohol so as to prevent accidents and injuries especially where there are activities involving the water and ocean;

   c.    Failure to assess the risks of accidents and injuries such as the accident in this case when organizing and promoting a party where there is a large collection of young people and where the bar offers "unlimited drinking for three and half solid hours" and a water slide and water activities where people are jumping and diving into the ocean from the seawall on the premises of the party;

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131    HICKEY LAW FIRM, P.A.    TEL 305.371.8000    •    FAX 305.371.3542

d.   Failure to choose and provide an appropriate venue for the Cozumel Beach Party and failure to change to a more safe venue for that excursion from a venue in which there would be a risk of accidents and injuries as a result of diving into the ocean to a venue where there would be no such risk;

e.   Failure to require that the venue, the cruise line, or the organizer of the event put into place reasonable and appropriate measures to mitigate the risk of injury such as preventing jumping and diving into the water especially at locations where the water is known to be shallow by means of railing or other physical barriers around the seawall; signage warning attendees at the event about the dangers of jumping or diving in at that or at any location; prohibiting such jumping and diving; promulgating and enforcing rules against jumping or diving into the ocean from the seawall surrounding the property; and having in place personnel to warn and prevent jumping and diving into the ocean from the seawall surrounding the property;

f.   Failure to require that the venue, the cruise line, or the organizer of the event provide reasonable and adequate alcohol service policies and practices; employee training; management systems; and risk assessment to assess the risks where a large group of young, single people drinking alcohol in large amounts are allowed and encouraged to jump and dive from a seawall into the ocean with various degrees of shallowness;

g.   Failure to otherwise provide reasonable and proper security and management of the subject event so as to prevent the large number of young people drinking an unlimited amount of alcohol and jumping and diving into the ocean in

places including deceptively shallow places thus allowing, encouraging and causing the injury in this case.

h.  Failure to exercise reasonable care for the safety of its cruise passengers while at an event organized, sponsored, promoted, and overseen by the defendants;

i.  Failure to inspect the Cozumel Beach Party event and to understand and appreciate the circumstances of the event including but not limited to the fact that the event is composed of a large number of young, single adults who are provided an unlimited amount of alcohol and who are allowed and encouraged to engage in water sports including jumping and diving from the seawall surrounding the property into the ocean at places of various degrees of shallowness;

j.  Failure to provide safety devices at the subject event, the Cozumel Beach Party, which includes but is not limited to railing or other physical barriers on the seawall to prevent people from jumping or diving in; warnings on the seawall to prevent people from jumping or diving in and to warn of shallow water and the dangers of jumping in at those spots; management and personnel on site who would actually prevent such water activities at an event and in a place where there is unlimited drinking provided to a large number of young adults; providing and enforcing rules, regulations, policies, and procedures which would prohibit either a large amount of drinking by young adults and/or engaging in water sports including jumping and diving from the seawall into shallow areas;

k. Failure to hire, screen, train, and monitor personnel at or who were supposed to be managing the event itself or of organizing the event, which the SINGLECRUISE Defendants represent to be "professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience" but who failed to act as professional group cruise directors and thus fail to manage the subject event, manage the safety of the event, manage the drinking, manage the patrons, manage the activities, and otherwise provide for a reasonable and safe environment;

l. Failure to warn the CARNIVAL and SINGLESCRUISE passengers including the Plaintiff herein about the hazardous nature of the water activities engaged in, promoted, and allowed at the subject events, either through verbal warnings, warnings in literature, warning signs, and/or physical barriers;

m. Failure to institute and carry out reasonable safety inspection and maintenance procedures to ensure that the event is conducted in a reasonable and safe manner;

n. Failure to prevent the accident described herein either by warning, physical barriers, enforcement of rules, choosing reasonable and appropriate venues, properly selecting, training and monitoring its own personnel at the site;

o. Failure to account for inspection of the venue and the bar and location itself for the suitability of that location and excursion for a place where unlimited drinking is allowed, encouraged, and provided;

p. Failure to determine, know of and inspect for the safety and insurance record and record of prior incidents of the subject excursion and/or location;

q.  Failure to determine the level of safety of the subject excursion before such location was chosen as a venue for the Cozumel Beach Party and before the CARNIVAL and SINGLESCRUISE defendants sent their passengers to this location;

r.  Failure to exercise control over the operator and/or owners and/or managers at the subject location SENOR FROGS at Cozumel, to ensure and provide a safe place and safe event for the CARNIVAL and SINGLECRUISE Defendant passengers;

s.  Failure to live up to the representations made by the SINGLESCRUISE Defendants in their literature and on their website including representations that it would provide "short tours with a variety of local third party native vendors who are extremely reputable and professional";

t.  Failure to provide an event "fully hosted by a team of professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience";

u.  Failure to require that this excursion and event be held only in a place which would provide for safety of its cruise passengers;

v.  Failure to warn its cruise passengers of the dangers that is that the physical venue itself and the circumstances of the event would be unsafe, that the water sports specifically would be unsafe; that the waters surrounding the seawall would be shallow and too dangerous to jump or dive in; that there would not be a physical venue appropriate for young, single people who have been furnished unlimited alcohol to drink and who are encouraged to jump or dive

off of a seawall into waters of unknown and various depths; and that there would not be reasonable or sufficient management of the premises, the operations of the bar/entertainment complex, or of the event itself;

w. Failure to prevent its cruise passengers from going on an excursion and event under dangerous conditions;

x. Failure to prevent or stop the participation and dangerous activities such as jumping and diving in shallow areas, knowing that the CARNIVAL and SINGLESCRUISE passengers were participating in the subject excursion where there was unreasonably dangerous conditions and circumstances;

y. Failure to properly and reasonably hire, screen, train, and monitor its employees, that is the bar/restaurant employees and the group cruise directors, in controlling the activities of the CARNIVAL and SINGLESCRUISE passengers on the excursion;

z. Failure to properly and reasonably monitor and control the activities of its cruise passengers on the excursion and event, especially in an area and on an event where the Defendants know to be an area with dangerous conditions;

aa. Failure to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the ones in this case and utilizing or allowing negligent method of operations;

bb. Failure to prevent or to stop ongoing, recurring, continuous and/or repetitive problems and conditions, and allowing such problems and conditions to remain, which problems and conditions would cause accidents or injuries at the subject event and location;

cc. Failure to choose, screen and/or inspect its excursion operator both initially at the beginning of the relationship and at periodic intervals, to ensure that the operators, in this case Senor Frogs restaurant, bar, and entertainment complex and the owners thereof provided a safe event taking in to account the totality of the circumstances of the event;

dd. Failure to provide a plan for emergency medical evacuation and/or emergency medical treatment from the venue or event if an accident of this type did occur;

ee. Failure to provide emergency medical treatment and/or evacuation of its cruise passengers if an emergency medical situation occurred at a venue or event such as the one in this case; and

ff. Failure to otherwise maintain a safe excursion and event, safe premises, and safe bar and entertainment operation.

47.     The Defendants' breaches of duties, described above, directly and proximately caused the accident and injuries in this case.  The SINGLESCRUISE Defendants organized, promoted, and provided to their cruise passengers an event to a large number of young, single people who are on vacation with "unlimited drinks for three and half solid hours" at a location on the ocean with water activities directly into the ocean, allowing, and encouraging people at the event to jump and dive into the water where there are little or no warnings posted and the water in fact was too shallow to jump or dive in.  The Defendants thus proximately and directly caused the accident in this case where the Plaintiff in fact was one of the young adults at the event where drinking alcohol was promoted, encouraged and allowed, and the Plaintiff was served drinks and did in fact participate in the water activities such as jumping and diving into the shallow water as other cruise passengers did before hand at that same event, without being prohibited and without

warning of the dangers. As a result of diving into the water at the point of the base of the slide, which the Defendants had directly or indirectly indicated would be safe for jumping or diving in, Plaintiff dove in and struck his head on the bottom of the ocean floor and was severely and permanently injured.

48.     This accident, proximately caused by the negligence of the Defendants, in turn caused Plaintiff to suffer severe, debilitating and permanent injuries, medical expenses, lost wages, and loss of ability to earn income, both past and future, and to suffer pain and suffering, loss of enjoyment of life, mental anguish, disability, disfigurement, both in the past and in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the SINGLESCRUISE Defendants for damages suffered as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical, psychological, and rehabilitation expense, expense of hospitalization, ongoing medical and psychological care, treatment, and rehabilitation, nursing care and treatment, loss of earnings, and loss of ability to earn money, both in the past and in the future, and all other damages which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest including pre-judgment and post judgment interest, and any and all other damages which the Court deems just or appropriate.

## COUNT II
## NEGLIGENT MISREPRESENTATION INVOLVING RISK OF PHYSICAL HARM
## (RESTATEMENT SECOND OF TORTS § 311) – SINGLESCRUISE DEFENDANTS

49.     Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 39, above.

50.    The SINGLESCRUISE Defendants made misrepresentations of material fact to their passengers including the Plaintiff herein in regards to the subject excursion and beach party event.

51.    Those misrepresentations of material facts were made by the SINGLESCRUISE Defendants on their website and in their literature.  The SINGLECRUISE Defendants have made misrepresentations of material fact upon which they intended others to rely namely in choosing and purchasing a ticket for SINGLECRUISE cruise and in choosing to go on and to purchase a ticket for the Cozumel Beach Party.  Those misrepresentations are contained on their website and in their literature.  Those misrepresentations include but are not limited to representations that "**our cruises are also fully hosted by a team of professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience**".  The SINGLECRUISE Defendants, in their literature and on their website, also misrepresent the level of safety and security.  They represent: "**the safety and satisfaction of our guests is always the #1 concern of the cruise line and SINGLECRUISE.COM**".  A copy of the page from the website of SINGLECRUISE.COM with these misrepresentations is attached hereto as **EXHIBIT C**.  The SINGLECRUISE Defendants also **misrepresent the quality of the vendors,** in this case an outside restaurant and bar, which they use for its event.  The SINGLECRUISE Defendants represent, for example: "we arrange the shore tours with a variety of local third party native vendors who are **extremely reputable and professional**".  One of the shore tours listed includes "beach parties", which included the Cozumel Beach Party at which this accident occurred.  This was a misrepresentation of material fact made by the SINGLECRUISE Defendants with the knowledge of their falsity and with the intent to have others, namely prospective customers and cruise passengers including the Plaintiff herein, rely on them in order to determine whether to purchase tickets for this

cruise and for this excursion. The Plaintiff herein did rely upon those misrepresentations justifiably and to his detriment in that he purchased the subject cruise ticket and the subject ticket or entrance fee for the SINGLESCRUISE Cozumel Beach Party excursion.

52.     These representations are not true and were not true at the time they were made. In fact, the vendor, that is SENOR FROGS, is not extremely reputable and professional, and fails to manage and provide safety and security for its patrons under the circumstances. Further, the group cruise directors are not professional and do not ensure a great time or a safe time. Further, the SINGLESCRUISE Defendant does not provide for the safety of their guests at this event.

53.     These misrepresentations and material fact were made by the SINGLESCRUISE Defendant. The Plaintiff in turn made an extensive review of the SINGLESCRUISE Defendants website to choose the SINGLESCRUISE Defedants. Extensive reviews of the website occurred prior to the time when the Plaintiff decided to go onto and pay for the subject SINGLESCRUISE cruise and Cozumel Beach Party.

54.     In the course of the cruise preparation, the Plaintiff looked on the web pages copies of which are attached hereto as **EXHIBIT B, C and D**. In particular, the Plaintiff reviewed the representations referenced above.

55.     The representations which were referenced and quoted above were made with the intent to induce the Plaintiff to go on and pay for the SINGLESCRUISE cruise and to go on and pay for the Cozumel Beach Party excursion.

56.     The duties of the SINGLESCRUISE  Defendants to provide and maintain a safe and secure excursion and event such as the Cozumel beach party, and to provide an event where vendor who are "extremely reputable and professional" and provide for the "the safety" of its guests, and to provide "a team of professional group cruise directors who sail with you to ensure

that you have a great time and fully enjoy your singles cruise experience" arise from, among other things, the SINGLESCRUISE defendants representations about the excursions it offers which representations are made in order to induce the singles cruise passengers including the Plaintiff herein to buy tickets for the singles cruise and to purchase this excursion, and thus its voluntary undertaking to accomplish this level of safety and supervision.

57.    The SINGLESCRUISE Defendants made these representations and voluntarily undertook to assume the responsibility to provide extremely reputable and professional tour operators, safety during its event, and a team of professional group cruise directors who accompany the passengers on the event through its representations.

58.    The SINGLESCRUISE Defendants made these representations without knowledge as to their truth or falsity or under circumstances in which the cruise line ought to have known of their falsity.

59.    The SINGLESCRUISE Defendants made these misrepresentations of material fact with the intent that their passengers including the Plaintiff herein would rely upon them in choosing and purchasing the excursions including the Cozumel beach party excursion on which this accident occurred. The Plaintiff in this action actually relied upon these misrepresentations of material fact in deciding to pay for the SINGLESCRUISE cruise and to pay for and go on the Cozumel Beach Party excursion. This reliance of the Plaintiff was justified.

60.    The SINGLESCRUISE Defendants failed to provide what they said they would provide and in fact were negligent by the following:

> a.    Failure to reasonably and properly manage a group of young people which were provided "unlimited drinks for three and half solid hours" and a "waterslide directly into the ocean" and where other water activities such as

jumping and diving is allowed, encouraged, and known to take place all during the day and on a regular basis;

b. Failure to reasonably and properly monitor the activities at the Cozumel Beach Party event so as to know if and when individuals are impaired, inebriated, or under the influence of alcohol so as to prevent accidents and injuries especially where there are activities involving the water and ocean;

c. Failure to assess the risks of accidents and injuries such as the accident in this case when organizing and promoting a party where there is a large collection of young people and where the bar offers "unlimited drinking for three and half solid hours" and a water slide and water activities where people are jumping and diving into the ocean from the seawall on the premises of the party;

d. Failure to choose and provide an appropriate venue for the Cozumel Beach Party and failure to change to a more safe venue for that excursion from a venue in which there would be a risk of accidents and injuries as a result of diving into the ocean to a venue where there would be no such risk;

e. Failure to require that the venue, the cruise line, or the organizer of the event put into place reasonable and appropriate measures to mitigate the risk of injury such as preventing jumping and diving into the water especially at locations where the water is known to be shallow by means of railing or other physical barriers around the seawall; signage warning attendees at the event about the dangers of jumping or diving in at that or at any location; prohibiting such jumping and diving; promulgating and enforcing rules against

jumping or diving into the ocean from the seawall surrounding the property; and having in place personnel to warn and prevent jumping and diving into the ocean from the seawall surrounding the property;

f.  Failure to require that the venue, the cruise line, or the organizer of the event provide reasonable and adequate alcohol service policies and practices; employee training; management systems; and risk assessment to assess the risks where a large group of young, single people drinking alcohol in large amounts are allowed and encouraged to jump and dive from a seawall into the ocean with various degrees of shallowness;

g.  Failure to otherwise provide reasonable and proper security and management of the subject event so as to prevent the large number of young people drinking an unlimited amount of alcohol and jumping and diving into the ocean in places including deceptively shallow places thus allowing, encouraging and causing the injury in this case.

h.  Failure to exercise reasonable care for the safety of its cruise passengers while at an event organized, sponsored, promoted, and overseen by the defendants;

i.  Failure to inspect the Cozumel Beach Party event and to understand and appreciate the circumstances of the event including but not limited to the fact that the event is composed of a large number of young, single adults who are provided an unlimited amount of alcohol and who are allowed and encouraged to engage in water sports including jumping and diving from the seawall surrounding the property into the ocean at places of various degrees of shallowness;

j.  Failure to provide safety devices at the subject event, the Cozumel Beach Party, which includes but is not limited to railing or other physical barriers on the seawall to prevent people from jumping or diving in; warnings on the seawall to prevent people from jumping or diving in and to warn of shallow water and the dangers of jumping in at those spots; management and personnel on site who would actually prevent such water activities at an event and in a place where there is unlimited drinking provided to a large number of young adults; providing and enforcing rules, regulations, policies, and procedures which would prohibit either a large amount of drinking by young adults and/or engaging in water sports including jumping and diving from the seawall into shallow areas;

k.  Failure to hire, screen, train, and monitor personnel at or who were supposed to be managing the event itself or of organizing the event, which the SINGLECRUISE Defendants represent to be "professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience" but who failed to act as professional group cruise directors and thus fail to manage the subject event, manage the safety of the event, manage the drinking, manage the patrons, manage the activities, and otherwise provide for a reasonable and safe environment;

l.  Failure to warn the CARNIVAL and SINGLESCRUISE passengers including the Plaintiff herein about the hazardous nature of the water activities engaged in, promoted, and allowed at the subject events, either through verbal warnings, warnings in literature, warning signs, and/or physical barriers;

m. Failure to institute and carry out reasonable safety inspection and maintenance procedures to ensure that the event is conducted in a reasonable and safe manner;

n. Failure to prevent the accident described herein either by warning, physical barriers, enforcement of rules, choosing reasonable and appropriate venues, properly selecting, training and monitoring its own personnel at the site;

o. Failure to account for inspection of the venue and the bar and location itself for the suitability of that location and excursion for a place where unlimited drinking is allowed, encouraged, and provided;

p. Failure to determine, know of and inspect for the safety and insurance record and record of prior incidents of the subject excursion and/or location;

q. Failure to determine the level of safety of the subject excursion before such location was chosen as a venue for the Cozumel Beach Party and before the CARNIVAL and SINGLESCRUISE defendants sent their passengers to this location;

r. Failure to exercise control over the operator and/or owners and/or managers at the subject location SENOR FROGS at Cozumel, to ensure and provide a safe place and safe event for the CARNIVAL and SINGLECRUISE Defendant passengers;

s. Failure to live up to the representations made by the SINGLESCRUISE Defendants in their literature and on their website including representations that it would provide "short tours with a variety of local third party native vendors who are extremely reputable and professional";

t.  Failure to provide an event "fully hosted by a team of professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience";

u.  Failure to require that this excursion and event be held only in a place which would provide for safety of its cruise passengers;

v.  Failure to warn its cruise passengers of the dangers that is that the physical venue itself and the circumstances of the event would be unsafe, that the water sports specifically would be unsafe; that the waters surrounding the seawall would be shallow and too dangerous to jump or dive in; that there would not be a physical venue appropriate for young, single people who have been furnished unlimited alcohol to drink and who are encouraged to jump or dive off of a seawall into waters of unknown and various depths; and that there would not be reasonable or sufficient management of the premises, the operations of the bar/entertainment complex, or of the event itself;

w.  Failure to prevent its cruise passengers from going on an excursion and event under dangerous conditions;

x.  Failure to prevent or stop the participation and dangerous activities such as jumping and diving in shallow areas, knowing that the CARNIVAL and SINGLESCRUISE passengers were participating in the subject excursion where there was unreasonably dangerous conditions and circumstances;

y.  Failure to properly and reasonably hire, screen, train, and monitor its employees, that is the bar/restaurant employees and the group cruise directors,

in controlling the activities of the CARNIVAL and SINGLESCRUISE passengers on the excursion;

z.  Failure to properly and reasonably monitor and control the activities of its cruise passengers on the excursion and event, especially in an area and on an event where the Defendants know to be an area with dangerous conditions;

aa. Failure to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the ones in this case and utilizing or allowing negligent method of operations;

bb. Failure to prevent or to stop ongoing, recurring, continuous and/or repetitive problems and conditions, and allowing such problems and conditions to remain, which problems and conditions would cause accidents or injuries at the subject event and location;

cc. Failure to choose, screen and/or inspect its excursion operator both initially at the beginning of the relationship and at periodic intervals, to ensure that the operators, in this case Senor Frogs restaurant, bar, and entertainment complex and the owners thereof provided a safe event taking in to account the totality of the circumstances of the event;

dd. Failure to provide a plan for emergency medical evacuation and/or emergency medical treatment from the venue or event if an accident of this type did occur;

ee. Failure to provide emergency medical treatment and/or evacuation of its cruise passengers if an emergency medical situation occurred at a venue or event such as the one in this case; and

ff. Failure to otherwise maintain a safe excursion and event, safe premises, and safe bar and entertainment operation.

61.     The failures of the SINGLESCRUISE Defendants and the negligent misrepresentations of the SINGLESCRUISE Defendants caused Plaintiff to choose the SINGLESCRUISE Defendants and to choose to go onto the Cozumel Beach Party excursion and was the proximate cause of this accident.

62.     As a result of the SINGLESCRUISE Defendants misrepresentations, and the Plaintiff's justifiable reliance thereon, the Plaintiff suffered severe debilitating, and permanent injuries, medical expenses, lost wages, and loss of ability to earn income both in the past and in the future, and has suffered and will continue to suffer pain and suffering, loss of enjoyment of life, mental anguish, disability, physical impairment, disfigurement, both in the past and in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the SINGLESCRUISE Defendants for damages suffered as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical, psychological, and rehabilitation expense, expense of hospitalization, ongoing medical and psychological care, treatment, and rehabilitation, nursing care and treatment, loss of earnings, and loss of ability to earn money, both in the past and in the future, and all other damages which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest including pre-judgment and post judgment interest, and any and all other damages which the Court deems just or appropriate.

## COUNT III
## VICARIOUS OR AGENCY LIABLITY – SINGLESCRUISE DFENDANTS

63.     The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 39, above.

64.     The SINGLESCRUISE Defendants were the principal in an agency relationship with the SENOR FROG Defendants.  Thus, the SINGLESCRUISE Defendants are liable and responsible for the negligence of the SENOR FROG Defendants and the negligence at the subject event.

65.     The SINGLESCRUISE Defendants acted as the principal for the SENOR FROG Defendants in an agency relationship.  First, the SINGLESCRUISE Defendants advertised and represented that Senor Frogs would act for it, that is that they would offer the unlimited drinking for 3 ½ hours during the Cozumel Beach Party.  Second, the Senor Frogs restaurant/bar accepted and consented to that relationship and did provide its facilities and its employees and was a partner or joint venturer with the SINGLESCRUISE Defendants in putting on the event on a regular basis.  Third, the SINGLESCRUISE Defendants had and exercised control over the activities of the SENOR FROG Defendants, and specifically, over the actions and conduct which took place at the Cozumel Beach Party.  The control was evidenced by the fact that the SINGLESCRUISE Defendants had an ongoing business relationship with SENOR FROGS whereby the SINGLESCRUISES Defendants would supply SENOR FROGS with a certain number of customers, the SINGLESCRUISES Defendants passengers, on a regular basis. Second, the SINGLESCRUISES Defendants stationed at least two of its professional group cruise directors at the Cozumel Beach Party event on the premises of SENOR FROGS.  Third given the nature of the relationship between principal and agent, the SINGLESCRUISE

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131   HICKEY LAW FIRM, P.A.   TEL 305.371.8000   •   FAX 305.371.3542

Defendants had the ability to require certain safety features, warnings, rules, enforcement of rules, and other aspects of safety and security of its passengers.

66.     The SENOR FROGS Defendants were negligent for failing to provide a safe and secure event for the passengers of the SINGLESCRUISES Defendants.

67.     The SENOR FROGS Defendants owed a duty to the patrons of its Cozumel Beach Parties, specifically, the SINGLESCRUISE Defendants passengers by virtue of the fact that the passengers were invited onto the premises and attending the Cozumel beach party.

68.     The SENOR FROGS Defendants breached those duties and were negligent by their actions and conduct including but not limited to the following:

> a. Failure to reasonably and properly manage a group of young people which were provided "unlimited drinks for three and half solid hours" and a "waterslide directly into the ocean" and where other water activities such as jumping and diving is allowed, encouraged, and known to take place all during the day and on a regular basis;
>
> b. Failure to reasonably and properly monitor the activities at the Cozumel Beach Party event so as to know if and when individuals are impaired, inebriated, or under the influence of alcohol so as to prevent accidents and injuries especially where there are activities involving the water and ocean;
>
> c. Failure to assess the risks of accidents and injuries such as the accident in this case when organizing and promoting a party where there is a large collection of young people and where the bar offers "unlimited drinking for three and half solid hours" and a water slide and water activities where people are

jumping and diving into the ocean from the seawall on the premises of the party;

d. Failure to choose and provide an appropriate venue for the Cozumel Beach Party and failure to change to a more safe venue for that excursion from a venue in which there would be a risk of accidents and injuries as a result of diving into the ocean to a venue where there would be no such risk;

e. Failure to require that the venue, the cruise line, or the organizer of the event put into place reasonable and appropriate measures to mitigate the risk of injury such as preventing jumping and diving into the water especially at locations where the water is known to be shallow by means of railing or other physical barriers around the seawall; signage warning attendees at the event about the dangers of jumping or diving in at that or at any location; prohibiting such jumping and diving; promulgating and enforcing rules against jumping or diving into the ocean from the seawall surrounding the property; and having in place personnel to warn and prevent jumping and diving into the ocean from the seawall surrounding the property;

f. Failure to require that the venue, the cruise line, or the organizer of the event provide reasonable and adequate alcohol service policies and practices; employee training; management systems; and risk assessment to assess the risks where a large group of young, single people drinking alcohol in large amounts are allowed and encouraged to jump and dive from a seawall into the ocean with various degrees of shallowness;

g.  Failure to otherwise provide reasonable and proper security and management of the subject event so as to prevent the large number of young people drinking an unlimited amount of alcohol and jumping and diving into the ocean in places including deceptively shallow places thus allowing, encouraging and causing the injury in this case.

h.  Failure to exercise reasonable care for the safety of its cruise passengers while at an event organized, sponsored, promoted, and overseen by the defendants;

i.  Failure to inspect the Cozumel Beach Party event and to understand and appreciate the circumstances of the event including but not limited to the fact that the event is composed of a large number of young, single adults who are provided an unlimited amount of alcohol and who are allowed and encouraged to engage in water sports including jumping and diving from the seawall surrounding the property into the ocean at places of various degrees of shallowness;

j.  Failure to provide safety devices at the subject event, the Cozumel Beach Party, which includes but is not limited to railing or other physical barriers on the seawall to prevent people from jumping or diving in; warnings on the seawall to prevent people from jumping or diving in and to warn of shallow water and the dangers of jumping in at those spots; management and personnel on site who would actually prevent such water activities at an event and in a place where there is unlimited drinking provided to a large number of young adults; providing and enforcing rules, regulations, policies, and procedures which would prohibit either a large amount of drinking by young adults and/or

engaging in water sports including jumping and diving from the seawall into shallow areas;

k. Failure to hire, screen, train, and monitor personnel at or who were supposed to be managing the event itself or of organizing the event, which the SINGLECRUISE Defendants represent to be "professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience" but who failed to act as professional group cruise directors and thus fail to manage the subject event, manage the safety of the event, manage the drinking, manage the patrons, manage the activities, and otherwise provide for a reasonable and safe environment;

l. Failure to warn the CARNIVAL and SINGLESCRUISE passengers including the Plaintiff herein about the hazardous nature of the water activities engaged in, promoted, and allowed at the subject events, either through verbal warnings, warnings in literature, warning signs, and/or physical barriers;

m. Failure to institute and carry out reasonable safety inspection and maintenance procedures to ensure that the event is conducted in a reasonable and safe manner;

n. Failure to prevent the accident described herein either by warning, physical barriers, enforcement of rules, choosing reasonable and appropriate venues, properly selecting, training and monitoring its own personnel at the site;

o. Failure to account for inspection of the venue and the bar and location itself for the suitability of that location and excursion for a place where unlimited drinking is allowed, encouraged, and provided;

p.  Failure to determine, know of and inspect for the safety and insurance record and record of prior incidents of the subject excursion and/or location;

q.  Failure to determine the level of safety of the subject excursion before such location was chosen as a venue for the Cozumel Beach Party and before the CARNIVAL and SINGLESCRUISE defendants sent their passengers to this location;

r.  Failure to exercise control over the operator and/or owners and/or managers at the subject location SENOR FROGS at Cozumel, to ensure and provide a safe place and safe event for the CARNIVAL and SINGLECRUISE Defendant passengers;

s.  Failure to live up to the representations made by the SINGLESCRUISE Defendants in their literature and on their website including representations that it would provide "short tours with a variety of local third party native vendors who are extremely reputable and professional";

t.  Failure to provide an event "fully hosted by a team of professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience";

u.  Failure to require that this excursion and event be held only in a place which would provide for safety of its cruise passengers;

v.  Failure to warn its cruise passengers of the dangers that is that the physical venue itself and the circumstances of the event would be unsafe, that the water sports specifically would be unsafe; that the waters surrounding the seawall would be shallow and too dangerous to jump or dive in; that there would not

be a physical venue appropriate for young, single people who have been furnished unlimited alcohol to drink and who are encouraged to jump or dive off of a seawall into waters of unknown and various depths; and that there would not be reasonable or sufficient management of the premises, the operations of the bar/entertainment complex, or of the event itself;

w. Failure to prevent its cruise passengers from going on an excursion and event under dangerous conditions;

x. Failure to prevent or stop the participation and dangerous activities such as jumping and diving in shallow areas, knowing that the CARNIVAL and SINGLESCRUISE passengers were participating in the subject excursion where there was unreasonably dangerous conditions and circumstances;

y. Failure to properly and reasonably hire, screen, train, and monitor its employees, that is the bar/restaurant employees and the group cruise directors, in controlling the activities of the CARNIVAL and SINGLESCRUISE passengers on the excursion;

z. Failure to properly and reasonably monitor and control the activities of its cruise passengers on the excursion and event, especially in an area and on an event where the Defendants know to be an area with dangerous conditions;

aa. Failure to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the ones in this case and utilizing or allowing negligent method of operations;

bb. Failure to prevent or to stop ongoing, recurring, continuous and/or repetitive problems and conditions, and allowing such problems and conditions to

remain, which problems and conditions would cause accidents or injuries at the subject event and location;

cc. Failure to choose, screen and/or inspect its excursion operator both initially at the beginning of the relationship and at periodic intervals, to ensure that the operators, in this case Senor Frogs restaurant, bar, and entertainment complex and the owners thereof provided a safe event taking in to account the totality of the circumstances of the event;

dd. Failure to provide a plan for emergency medical evacuation and/or emergency medical treatment from the venue or event if an accident of this type did occur;

ee. Failure to provide emergency medical treatment and/or evacuation of its cruise passengers if an emergency medical situation occurred at a venue or event such as the one in this case; and

ff. Failure to otherwise maintain a safe excursion and event, safe premises, and safe bar and entertainment operation.

69.     The failures of the SENOR FROGS Defendants were the proximate causes of the subject accident. By virtue of the agency relationship whereby the SENOR FROGS Defendants acted as the agents of the SINGLESCRUISE Defendants, the SINGELSCRUISE Defendants are responsible and liable for the accident and injuries caused thereby.

70.     As a result of SENOR FROGS Defendants negligence, the Plaintiff suffered severe debilitating, and permanent injuries, medical expenses, lost wages, and loss of ability to earn income both in the past and in the future, and has suffered and will continue to suffer pain and suffering, loss of enjoyment of life, mental anguish, disability, physical impairment, disfigurement, both in the past and in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the SINGLESCRUISE Defendants for damages suffered as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical, psychological, and rehabilitation expense, expense of hospitalization, ongoing medical and psychological care, treatment, and rehabilitation, nursing care and treatment, loss of earnings, and loss of ability to earn money, both in the past and in the future, and all other damages which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest including pre-judgment and post judgment interest, and any and all other damages which the Court deems just or appropriate.

## COUNT IV

### BREACH OF THIRD PARTY BENEFICIARY CONTRACT – SINGLESCRUISE DEFENDANTS AND SENOR FROGS DEFENDANTS

71.     The Plaintiff hereby adapts and re-alleges each and every allegation in paragraphs 1 through 39, above.

72.     The SINGLESCRUISE Defendants and the SENOR FROGS Defendants entered into a contract whereby SENOR FROGS would provide for the passengers of the SIGNLESCRUISE Defendants an excursion called the Cozumel Beach Party in Cozumel, Mexico. This contract provided that the SENOR FROGS Defendants would provide a safe and secure venue for the Cozumel Beach Party for the cruise line passengers of the SINGLESCRUISE Defendants. The terms of the contract were either oral or in writing. The Plaintiff does not have a copy of this contract, if in writing. If the contract is in writing, the Defendants have a copy of it.

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131   HICKEY LAW FIRM, P.A.   TEL 305.371.8000   •   FAX 305.371.3542

73.    An implied term of the subject contract between the SINGLESCRUISE Defendants and the SENOR FROGS Defendants is that the SENOR FROGS Defendants will provide a safe and secure venue and party for the SINGLESCRUISE Defendants passengers.

74.    The contract between the parties also provided that the SENOR FORGS Defendants would provide, for the passengers of the SINGLESCRUISE Defendants and for the benefit of the SINGLESCRUISE Defendants, water events and water activities as well, as unlimited drinks during the event. The implied or expressed terms of this contract are that both parties would manage a sufficiently and reasonably safe event and provide for the safety and security of the SINGLESCRUISE Defendants passengers.

75.    The intended third party beneficiaries of this contract between the parties were all of the CARNIVAL and SINGLESCRUISE cruise passengers who attended this event, including the Plaintiff herein.

76.    The SINGLESCRUISE Defendants and the SENOR FROGS Defendants breached the third party beneficiary contract by failing to provide a reasonably safe and secure venue and event for its passengers, and by their actions and conduct including but not limited to the following:

    a.  Failure to reasonably and properly manage a group of young people which were provided "unlimited drinks for three and half solid hours" and a "waterslide directly into the ocean" and where other water activities such as jumping and diving is allowed, encouraged, and known to take place all during the day and on a regular basis;

    b.  Failure to reasonably and properly monitor the activities at the Cozumel Beach Party event so as to know if and when individuals are impaired, inebriated, or

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131    HICKEY LAW FIRM, P.A.    TEL 305.371.8000    •    FAX 305.371.3542

under the influence of alcohol so as to prevent accidents and injuries especially where there are activities involving the water and ocean;

c. Failure to assess the risks of accidents and injuries such as the accident in this case when organizing and promoting a party where there is a large collection of young people and where the bar offers "unlimited drinking for three and half solid hours" and a water slide and water activities where people are jumping and diving into the ocean from the seawall on the premises of the party;

d. Failure to choose and provide an appropriate venue for the Cozumel Beach Party and failure to change to a more safe venue for that excursion from a venue in which there would be a risk of accidents and injuries as a result of diving into the ocean to a venue where there would be no such risk;

e. Failure to require that the venue, the cruise line, or the organizer of the event put into place reasonable and appropriate measures to mitigate the risk of injury such as preventing jumping and diving into the water especially at locations where the water is known to be shallow by means of railing or other physical barriers around the seawall; signage warning attendees at the event about the dangers of jumping or diving in at that or at any location; prohibiting such jumping and diving; promulgating and enforcing rules against jumping or diving into the ocean from the seawall surrounding the property; and having in place personnel to warn and prevent jumping and diving into the ocean from the seawall surrounding the property;

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131   HICKEY LAW FIRM, P.A.   TEL 305.371.8000   •   FAX 305.371.3542

f.  Failure to require that the venue, the cruise line, or the organizer of the event provide reasonable and adequate alcohol service policies and practices; employee training; management systems; and risk assessment to assess the risks where a large group of young, single people drinking alcohol in large amounts are allowed and encouraged to jump and dive from a seawall into the ocean with various degrees of shallowness;

g.  Failure to otherwise provide reasonable and proper security and management of the subject event so as to prevent the large number of young people drinking an unlimited amount of alcohol and jumping and diving into the ocean in places including deceptively shallow places thus allowing, encouraging and causing the injury in this case.

h.  Failure to exercise reasonable care for the safety of its cruise passengers while at an event organized, sponsored, promoted, and overseen by the defendants;

i.  Failure to inspect the Cozumel Beach Party event and to understand and appreciate the circumstances of the event including but not limited to the fact that the event is composed of a large number of young, single adults who are provided an unlimited amount of alcohol and who are allowed and encouraged to engage in water sports including jumping and diving from the seawall surrounding the property into the ocean at places of various degrees of shallowness;

j.  Failure to provide safety devices at the subject event, the Cozumel Beach Party, which includes but is not limited to railing or other physical barriers on the seawall to prevent people from jumping or diving in; warnings on the

seawall to prevent people from jumping or diving in and to warn of shallow water and the dangers of jumping in at those spots; management and personnel on site who would actually prevent such water activities at an event and in a place where there is unlimited drinking provided to a large number of young adults; providing and enforcing rules, regulations, policies, and procedures which would prohibit either a large amount of drinking by young adults and/or engaging in water sports including jumping and diving from the seawall into shallow areas;

k.  Failure to hire, screen, train, and monitor personnel at or who were supposed to be managing the event itself or of organizing the event, which the SINGLECRUISE Defendants represent to be "professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience" but who failed to act as professional group cruise directors and thus fail to manage the subject event, manage the safety of the event, manage the drinking, manage the patrons, manage the activities, and otherwise provide for a reasonable and safe environment;

l.  Failure to warn the CARNIVAL and SINGLESCRUISE passengers including the Plaintiff herein about the hazardous nature of the water activities engaged in, promoted, and allowed at the subject events, either through verbal warnings, warnings in literature, warning signs, and/or physical barriers;

m.  Failure to institute and carry out reasonable safety inspection and maintenance procedures to ensure that the event is conducted in a reasonable and safe manner;

n. Failure to prevent the accident described herein either by warning, physical barriers, enforcement of rules, choosing reasonable and appropriate venues, properly selecting, training and monitoring its own personnel at the site;

o. Failure to account for inspection of the venue and the bar and location itself for the suitability of that location and excursion for a place where unlimited drinking is allowed, encouraged, and provided;

p. Failure to determine, know of and inspect for the safety and insurance record and record of prior incidents of the subject excursion and/or location;

q. Failure to determine the level of safety of the subject excursion before such location was chosen as a venue for the Cozumel Beach Party and before the CARNIVAL and SINGLESCRUISE defendants sent their passengers to this location;

r. Failure to exercise control over the operator and/or owners and/or managers at the subject location SENOR FROGS at Cozumel, to ensure and provide a safe place and safe event for the CARNIVAL and SINGLECRUISE Defendant passengers;

s. Failure to live up to the representations made by the SINGLESCRUISE Defendants in their literature and on their website including representations that it would provide "short tours with a variety of local third party native vendors who are extremely reputable and professional";

t. Failure to provide an event "fully hosted by a team of professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience";

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131    HICKEY LAW FIRM, P.A.    TEL 305.371.8000    •    FAX 305.371.3542

u.  Failure to require that this excursion and event be held only in a place which would provide for safety of its cruise passengers;

v.  Failure to warn its cruise passengers of the dangers that is that the physical venue itself and the circumstances of the event would be unsafe, that the water sports specifically would be unsafe; that the waters surrounding the seawall would be shallow and too dangerous to jump or dive in; that there would not be a physical venue appropriate for young, single people who have been furnished unlimited alcohol to drink and who are encouraged to jump or dive off of a seawall into waters of unknown and various depths; and that there would not be reasonable or sufficient management of the premises, the operations of the bar/entertainment complex, or of the event itself;

w.  Failure to prevent its cruise passengers from going on an excursion and event under dangerous conditions;

x.  Failure to prevent or stop the participation and dangerous activities such as jumping and diving in shallow areas, knowing that the CARNIVAL and SINGLESCRUISE passengers were participating in the subject excursion where there was unreasonably dangerous conditions and circumstances;

y.  Failure to properly and reasonably hire, screen, train, and monitor its employees, that is the bar/restaurant employees and the group cruise directors, in controlling the activities of the CARNIVAL and SINGLESCRUISE passengers on the excursion;

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131   HICKEY LAW FIRM, P.A.   TEL 305.371.8000   •   FAX 305.371.3542

z.   Failure to properly and reasonably monitor and control the activities of its cruise passengers on the excursion and event, especially in an area and on an event where the Defendants know to be an area with dangerous conditions;

aa.  Failure to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the ones in this case and utilizing or allowing negligent method of operations;

bb.  Failure to prevent or to stop ongoing, recurring, continuous and/or repetitive problems and conditions, and allowing such problems and conditions to remain, which problems and conditions would cause accidents or injuries at the subject event and location;

cc.  Failure to choose, screen and/or inspect its excursion operator both initially at the beginning of the relationship and at periodic intervals, to ensure that the operators, in this case Senor Frogs restaurant, bar, and entertainment complex and the owners thereof provided a safe event taking in to account the totality of the circumstances of the event;

dd.  Failure to provide a plan for emergency medical evacuation and/or emergency medical treatment from the venue or event if an accident of this type did occur;

ee.  Failure to provide emergency medical treatment and/or evacuation of its cruise passengers if an emergency medical situation occurred at a venue or event such as the one in this case; and

ff.  Failure to otherwise maintain a safe excursion and event, safe premises, and safe bar and entertainment operation.

77.     As a result of the breaches of the third party beneficiary contract by the SINGLESCRUISE defendants, there was inadequate and inappropriate security and safety at the subject event, inadequate and unreasonable failure to warn of the dangers and activities carried on at the event including but not limited to diving off the seawall and into the ocean even though it was a place at the base of the slide.

78.     As a result of these breaches of the third party beneficiary contract by the SINGLESCRUISE Defendants, Plaintiff herein dove into the deceptively shallow area at the base of the slide, hit his head and suffered severe, debilitating, and permanent injuries.

79.     As a result of these breaches of the third party beneficiary contract by the SINGLESCRUISE Defendants, the Plaintiff suffered severe debilitating, and permanent injuries, medical expenses, lost wages, and loss of ability to earn income both in the past and in the future, and has suffered and will continue to suffer pain and suffering, loss of enjoyment of life, mental anguish, disability, physical impairment, disfigurement, both in the past and in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the SINGLESCRUISE Defendant for breaches of third party beneficiary contract that the intended beneficiary of this contract are the SINGLESCRUISE passengers including the Plaintiff herein and the consequential damages which include but are not limited to damages suffered as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical, psychological, and rehabilitation expense, expense of hospitalization, ongoing medical and psychological care, treatment, and rehabilitation, nursing care and treatment, loss of earnings, and loss of ability to earn money, both in the past and in the future, and all other damages which have been incurred or suffered in the past and which will be incurred or suffered in

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131    HICKEY LAW FIRM, P.A.    TEL 305.371.8000    •    FAX 305.371.3542

the future; all court costs, all interest including pre-judgment and post judgment interest, and any and all other damages which the Court deems just or appropriate.

## COUNT V
## JOINT VENTURE – SINGLESCRUISE DEFENDANTS

80.     The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 39, above.

81.     The SINGLESCRUISE Defendants and the SENOR FROGS Defendants entered into a joint venture. This joint venture was for holding the excursion for the SINGLESCRUISE Defendants passengers known as the Cozumel Beach Party.

82.     The parties to this joint venture, the SINGLESCRUISE Defendants and the SENOR FROGS Defendants, entered into an agreement for a specific event and venture, namely the Cozumel Beach Party. Both parties were to benefit from the income from this venture, that is, from the SINGLESCRUISE Defendants passengers. Both parties split the cruise revenues collected by the SINGLESCRUISE Defendants. Both parties were to suffer loss in any down turn of business in the Cozumel Beach Party.

83.     As a result of this joint venture, the SINGLESCRUISE Defendants are liable for the negligence of the SENOR FROGS Defendants.

84.     The SENOR FROGS Defendants were negligent. SENOR FROG Defendants owed a duty to the SINGLESCRUISE cruise passengers including the Plaintiff herein. SENOR FROGS owed a duty of reasonable care to the cruise passengers by virtue of hosting and providing the venue and providing the alcohol and the management or lack thereof of large groups of young adults engaged in unlimited drinking for three and half solid hours and where

the passengers are encouraged to engage in water sports including jumping and diving off a seawall without warning as to the depth of the water at the base of that seawall.

85.    The SENOR FROGS Defendants breached their duty of reasonable care by their actions and conduct including but not limited to the following:

a. Failure to reasonably and properly manage a group of young people which were provided "unlimited drinks for three and half solid hours" and a "waterslide directly into the ocean" and where other water activities such as jumping and diving is allowed, encouraged, and known to take place all during the day and on a regular basis;

b. Failure to reasonably and properly monitor the activities at the Cozumel Beach Party event so as to know if and when individuals are impaired, inebriated, or under the influence of alcohol so as to prevent accidents and injuries especially where there are activities involving the water and ocean;

c. Failure to assess the risks of accidents and injuries such as the accident in this case when organizing and promoting a party where there is a large collection of young people and where the bar offers "unlimited drinking for three and half solid hours" and a water slide and water activities where people are jumping and diving into the ocean from the seawall on the premises of the party;

d. Failure to choose and provide an appropriate venue for the Cozumel Beach Party and failure to change to a more safe venue for that excursion from a venue in which there would be a risk of accidents and injuries as a result of diving into the ocean to a venue where there would be no such risk;

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131   HICKEY LAW FIRM, P.A.   TEL 305.371.8000   •   FAX 305.371.3542

e.  Failure to require that the venue, the cruise line, or the organizer of the event put into place reasonable and appropriate measures to mitigate the risk of injury such as preventing jumping and diving into the water especially at locations where the water is known to be shallow by means of railing or other physical barriers around the seawall; signage warning attendees at the event about the dangers of jumping or diving in at that or at any location; prohibiting such jumping and diving; promulgating and enforcing rules against jumping or diving into the ocean from the seawall surrounding the property; and having in place personnel to warn and prevent jumping and diving into the ocean from the seawall surrounding the property;

f.  Failure to require that the venue, the cruise line, or the organizer of the event provide reasonable and adequate alcohol service policies and practices; employee training; management systems; and risk assessment to assess the risks where a large group of young, single people drinking alcohol in large amounts are allowed and encouraged to jump and dive from a seawall into the ocean with various degrees of shallowness;

g.  Failure to otherwise provide reasonable and proper security and management of the subject event so as to prevent the large number of young people drinking an unlimited amount of alcohol and jumping and diving into the ocean in places including deceptively shallow places thus allowing, encouraging and causing the injury in this case.

h.  Failure to exercise reasonable care for the safety of its cruise passengers while at an event organized, sponsored, promoted, and overseen by the defendants;

i. Failure to inspect the Cozumel Beach Party event and to understand and appreciate the circumstances of the event including but not limited to the fact that the event is composed of a large number of young, single adults who are provided an unlimited amount of alcohol and who are allowed and encouraged to engage in water sports including jumping and diving from the seawall surrounding the property into the ocean at places of various degrees of shallowness;

j. Failure to provide safety devices at the subject event, the Cozumel Beach Party, which includes but is not limited to railing or other physical barriers on the seawall to prevent people from jumping or diving in; warnings on the seawall to prevent people from jumping or diving in and to warn of shallow water and the dangers of jumping in at those spots; management and personnel on site who would actually prevent such water activities at an event and in a place where there is unlimited drinking provided to a large number of young adults; providing and enforcing rules, regulations, policies, and procedures which would prohibit either a large amount of drinking by young adults and/or engaging in water sports including jumping and diving from the seawall into shallow areas;

k. Failure to hire, screen, train, and monitor personnel at or who were supposed to be managing the event itself or of organizing the event, which the SINGLECRUISE Defendants represent to be "professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience" but who failed to act as professional group

cruise directors and thus fail to manage the subject event, manage the safety of the event, manage the drinking, manage the patrons, manage the activities, and otherwise provide for a reasonable and safe environment;

l.   Failure to warn the CARNIVAL and SINGLESCRUISE passengers including the Plaintiff herein about the hazardous nature of the water activities engaged in, promoted, and allowed at the subject events, either through verbal warnings, warnings in literature, warning signs, and/or physical barriers;

m.   Failure to institute and carry out reasonable safety inspection and maintenance procedures to ensure that the event is conducted in a reasonable and safe manner;

n.   Failure to prevent the accident described herein either by warning, physical barriers, enforcement of rules, choosing reasonable and appropriate venues, properly selecting, training and monitoring its own personnel at the site;

o.   Failure to account for inspection of the venue and the bar and location itself for the suitability of that location and excursion for a place where unlimited drinking is allowed, encouraged, and provided;

p.   Failure to determine, know of and inspect for the safety and insurance record and record of prior incidents of the subject excursion and/or location;

q.   Failure to determine the level of safety of the subject excursion before such location was chosen as a venue for the Cozumel Beach Party and before the CARNIVAL and SINGLESCRUISE defendants sent their passengers to this location;

r.  Failure to exercise control over the operator and/or owners and/or managers at the subject location SENOR FROGS at Cozumel, to ensure and provide a safe place and safe event for the CARNIVAL and SINGLECRUISE Defendant passengers;

s.  Failure to live up to the representations made by the SINGLESCRUISE Defendants in their literature and on their website including representations that it would provide "short tours with a variety of local third party native vendors who are extremely reputable and professional";

t.  Failure to provide an event "fully hosted by a team of professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience";

u.  Failure to require that this excursion and event be held only in a place which would provide for safety of its cruise passengers;

v.  Failure to warn its cruise passengers of the dangers that is that the physical venue itself and the circumstances of the event would be unsafe, that the water sports specifically would be unsafe; that the waters surrounding the seawall would be shallow and too dangerous to jump or dive in; that there would not be a physical venue appropriate for young, single people who have been furnished unlimited alcohol to drink and who are encouraged to jump or dive off of a seawall into waters of unknown and various depths; and that there would not be reasonable or sufficient management of the premises, the operations of the bar/entertainment complex, or of the event itself;

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131   HICKEY LAW FIRM, P.A.   TEL 305.371.8000   •   FAX 305.371.3542

w.  Failure to prevent its cruise passengers from going on an excursion and event under dangerous conditions;

x.  Failure to prevent or stop the participation and dangerous activities such as jumping and diving in shallow areas, knowing that the CARNIVAL and SINGLESCRUISE passengers were participating in the subject excursion where there was unreasonably dangerous conditions and circumstances;

y.  Failure to properly and reasonably hire, screen, train, and monitor its employees, that is the bar/restaurant employees and the group cruise directors, in controlling the activities of the CARNIVAL and SINGLESCRUISE passengers on the excursion;

z.  Failure to properly and reasonably monitor and control the activities of its cruise passengers on the excursion and event, especially in an area and on an event where the Defendants know to be an area with dangerous conditions;

aa. Failure to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the ones in this case and utilizing or allowing negligent method of operations;

bb. Failure to prevent or to stop ongoing, recurring, continuous and/or repetitive problems and conditions, and allowing such problems and conditions to remain, which problems and conditions would cause accidents or injuries at the subject event and location;

cc. Failure to choose, screen and/or inspect its excursion operator both initially at the beginning of the relationship and at periodic intervals, to ensure that the operators, in this case Senor Frogs restaurant, bar, and entertainment complex

and the owners thereof provided a safe event taking in to account the totality of the circumstances of the event;

dd. Failure to provide a plan for emergency medical evacuation and/or emergency medical treatment from the venue or event if an accident of this type did occur;

ee. Failure to provide emergency medical treatment and/or evacuation of its cruise passengers if an emergency medical situation occurred at a venue or event such as the one in this case; and

ff. Failure to otherwise maintain a safe excursion and event, safe premises, and safe bar and entertainment operation.

86.    The SENOR FROGS Defendants breaches of duties proximately caused the accident in this case and if not for the breaches the accident would not have occurred.

87.    The accident, in turn, caused severe, and debilitating, and permanent personal injury. The Plaintiff herein has suffered medical expenses, lost wages and loss of ability to earn income in the past and future and has suffered pain and suffering, loss of enjoyment of life, mental anguish, disability, disfigurement, permanent impairment in the past and in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the SINGLESCRUISE Defendants for the negligence of the SENOR FROGS Defendants for which the joint venture is liable, which include but are not limited to damages suffered as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical, psychological, and rehabilitation expense, expense of hospitalization, ongoing medical and psychological care, treatment, and rehabilitation, nursing care and treatment, loss of earnings, and loss of ability to earn money, both in the past and in the future, and all other damages which have been incurred or suffered in the past and which will be incurred or suffered in

the future; all court costs, all interest including pre-judgment and post judgment interest, and any and all other damages which the Court deems just or appropriate.

<div align="center">

**COUNT VI**
**FAILURE TO WARN OF KNOWN DANGERS – CARNIVAL**

</div>

88.    The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 39, above.

89.    CARNIVAL owes a duty to its passengers, including the Plaintiff herein, to warn its passengers of any dangers of which CARNIVAL has knowledge and can foresee that such passengers would be exposed to.

90.    **DUTIES OWED BY THE DEFENDANT**.   The Defendant owed a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein.  See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004).   The Defendant also owed a "duty to exercise reasonable care under the circumstances".  See, *Harnesk vs. Carnival Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendants "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

91.    CARNIVAL knew the dangers inherent in the SINGELSCRUISE Defendants Cozumel Beach Party at SENOR FROGS in Cozumel, Mexico. First, CARNIVAL utilizes the port of Cozumel as one of its ports of call for several of its cruise ships. SENOR FROGS is a restaurant/bar located within that port area and complex. It is well known to crewmembers that SENOR FROGS is a destination for passengers who disembark at Cozumel, Mexico. Most of the passengers and crew of the CARNIVAL ships who disembark at Cozumel, Mexico make

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131   HICKEY LAW FIRM, P.A.   TEL 305.371.8000   •   FAX 305.371.3542

their way to SENOR FROGS. It is one of the few attractions in the port area of Cozumel, Mexico. Most of the patrons of SENOR FROGS are in fact cruise passengers or cruise line crewmembers.

92.     CARNIVAL also has knowledge about the dangers of the SINGLESCRUISE Defendants Cozumel Beach Party event/excursion. CARNIVAL has an ongoing business relationship and contractual relationship with the SINGLESCRUISE Defendants. The SINGLESCRUISE Defendants is an operator of cruises and collects passengers and has a contract with CARNIVAL. The SINGLESCRUISE Defendants have an ongoing agreement and business relationship with CARNIVAL, whereby CARNIVAL provides a certain number of cabins for these the SINGLESCRUISE Defendants passengers at a certain rate. The SINGLESCRUISE Defendants in turn agrees to fill or take a certain number of cabins. The SINGLESCRUISE Defendants are allowed by CARNIVAL to advertise that the SINGLESCRUISE Defendants utilizes CARNIVAL ships. In fact, the SINGLESCRUISE Defendants advertises and represents on its website that it is CARNIVAL's agent. Thus, CARNIVAL at all time material hereto knew or should have known of the dangers of the SENOR FROGS bar and restaurant and of the SINGLESCRUISE Defendants Cozumel Beach Party which is held at SENOR FROGS and advertised "unlimited drinking for three and half full hours" and which involve CARNIVAL passengers, whom are also the SINGLESCRUISE Defendants members, jumping and diving off of the seawall and into shallow parts of the ocean.

93.     CARNIVAL breached its duty of reasonable care under the circumstances to its passengers, in this case the SINGLESCRUISE Defendants members including the Plaintiff herein, by their actions and conduct which include but are not limited to following:

a. Failure to reasonably and properly manage a group of young people which were provided "unlimited drinks for three and half solid hours" and a "waterslide directly into the ocean" and where other water activities such as jumping and diving is allowed, encouraged, and known to take place all during the day and on a regular basis;

b. Failure to reasonably and properly monitor the activities at the Cozumel Beach Party event so as to know if and when individuals are impaired, inebriated, or under the influence of alcohol so as to prevent accidents and injuries especially where there are activities involving the water and ocean;

c. Failure to assess the risks of accidents and injuries such as the accident in this case when organizing and promoting a party where there is a large collection of young people and where the bar offers "unlimited drinking for three and half solid hours" and a water slide and water activities where people are jumping and diving into the ocean from the seawall on the premises of the party;

d. Failure to choose and provide an appropriate venue for the Cozumel Beach Party and failure to change to a more safe venue for that excursion from a venue in which there would be a risk of accidents and injuries as a result of diving into the ocean to a venue where there would be no such risk;

e. Failure to require that the venue, the cruise line, or the organizer of the event put into place reasonable and appropriate measures to mitigate the risk of injury such as preventing jumping and diving into the water especially at locations where the water is known to be shallow by means of railing or other

physical barriers around the seawall; signage warning attendees at the event about the dangers of jumping or diving in at that or at any location; prohibiting such jumping and diving; promulgating and enforcing rules against jumping or diving into the ocean from the seawall surrounding the property; and having in place personnel to warn and prevent jumping and diving into the ocean from the seawall surrounding the property;

f.  Failure to require that the venue, the cruise line, or the organizer of the event provide reasonable and adequate alcohol service policies and practices; employee training; management systems; and risk assessment to assess the risks where a large group of young, single people drinking alcohol in large amounts are allowed and encouraged to jump and dive from a seawall into the ocean with various degrees of shallowness;

g.  Failure to otherwise provide reasonable and proper security and management of the subject event so as to prevent the large number of young people drinking an unlimited amount of alcohol and jumping and diving into the ocean in places including deceptively shallow places thus allowing, encouraging and causing the injury in this case.

h.  Failure to exercise reasonable care for the safety of its cruise passengers while at an event organized, sponsored, promoted, and overseen by the defendants;

i.  Failure to inspect the Cozumel Beach Party event and to understand and appreciate the circumstances of the event including but not limited to the fact that the event is composed of a large number of young, single adults who are provided an unlimited amount of alcohol and who are allowed and encouraged

to engage in water sports including jumping and diving from the seawall surrounding the property into the ocean at places of various degrees of shallowness;

j. Failure to provide safety devices at the subject event, the Cozumel Beach Party, which includes but is not limited to railing or other physical barriers on the seawall to prevent people from jumping or diving in; warnings on the seawall to prevent people from jumping or diving in and to warn of shallow water and the dangers of jumping in at those spots; management and personnel on site who would actually prevent such water activities at an event and in a place where there is unlimited drinking provided to a large number of young adults; providing and enforcing rules, regulations, policies, and procedures which would prohibit either a large amount of drinking by young adults and/or engaging in water sports including jumping and diving from the seawall into shallow areas;

k. Failure to hire, screen, train, and monitor personnel at or who were supposed to be managing the event itself or of organizing the event, which the SINGLECRUISE Defendants represent to be "professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience" but who failed to act as professional group cruise directors and thus fail to manage the subject event, manage the safety of the event, manage the drinking, manage the patrons, manage the activities, and otherwise provide for a reasonable and safe environment;

l.   Failure to warn the CARNIVAL and SINGLESCRUISE passengers including the Plaintiff herein about the hazardous nature of the water activities engaged in, promoted, and allowed at the subject events, either through verbal warnings, warnings in literature, warning signs, and/or physical barriers;

m.   Failure to institute and carry out reasonable safety inspection and maintenance procedures to ensure that the event is conducted in a reasonable and safe manner;

n.   Failure to prevent the accident described herein either by warning, physical barriers, enforcement of rules, choosing reasonable and appropriate venues, properly selecting, training and monitoring its own personnel at the site;

o.   Failure to account for inspection of the venue and the bar and location itself for the suitability of that location and excursion for a place where unlimited drinking is allowed, encouraged, and provided;

p.   Failure to determine, know of and inspect for the safety and insurance record and record of prior incidents of the subject excursion and/or location;

q.   Failure to determine the level of safety of the subject excursion before such location was chosen as a venue for the Cozumel Beach Party and before the CARNIVAL and SINGLESCRUISE defendants sent their passengers to this location;

r.   Failure to exercise control over the operator and/or owners and/or managers at the subject location SENOR FROGS at Cozumel, to ensure and provide a safe place and safe event for the CARNIVAL and SINGLECRUISE Defendant passengers;

s. Failure to live up to the representations made by the SINGLESCRUISE Defendants in their literature and on their website including representations that it would provide "short tours with a variety of local third party native vendors who are extremely reputable and professional";

t. Failure to provide an event "fully hosted by a team of professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience";

u. Failure to require that this excursion and event be held only in a place which would provide for safety of its cruise passengers;

v. Failure to warn its cruise passengers of the dangers that is that the physical venue itself and the circumstances of the event would be unsafe, that the water sports specifically would be unsafe; that the waters surrounding the seawall would be shallow and too dangerous to jump or dive in; that there would not be a physical venue appropriate for young, single people who have been furnished unlimited alcohol to drink and who are encouraged to jump or dive off of a seawall into waters of unknown and various depths; and that there would not be reasonable or sufficient management of the premises, the operations of the bar/entertainment complex, or of the event itself;

w. Failure to prevent its cruise passengers from going on an excursion and event under dangerous conditions;

x. Failure to prevent or stop the participation and dangerous activities such as jumping and diving in shallow areas, knowing that the CARNIVAL and

SINGLESCRUISE passengers were participating in the subject excursion where there was unreasonably dangerous conditions and circumstances;

y. Failure to properly and reasonably hire, screen, train, and monitor its employees, that is the bar/restaurant employees and the group cruise directors, in controlling the activities of the CARNIVAL and SINGLESCRUISE passengers on the excursion;

z. Failure to properly and reasonably monitor and control the activities of its cruise passengers on the excursion and event, especially in an area and on an event where the Defendants know to be an area with dangerous conditions;

aa. Failure to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the ones in this case and utilizing or allowing negligent method of operations;

bb. Failure to prevent or to stop ongoing, recurring, continuous and/or repetitive problems and conditions, and allowing such problems and conditions to remain, which problems and conditions would cause accidents or injuries at the subject event and location;

cc. Failure to choose, screen and/or inspect its excursion operator both initially at the beginning of the relationship and at periodic intervals, to ensure that the operators, in this case Senor Frogs restaurant, bar, and entertainment complex and the owners thereof provided a safe event taking in to account the totality of the circumstances of the event;

dd. Failure to provide a plan for emergency medical evacuation and/or emergency medical treatment from the venue or event if an accident of this type did occur;

ee. Failure to provide emergency medical treatment and/or evacuation of its cruise passengers if an emergency medical situation occurred at a venue or event such as the one in this case; and

ff. Failure to otherwise maintain a safe excursion and event, safe premises, and safe bar and entertainment operation.

94. CARNIVAL's breaches of these duties proximately caused this accident and any injuries resulting therefrom. As a result of CARNIVAL's failure to warn and other failures described above, the CARNIVAL passengers who were the SINGLESCRUISE Defendants' members attended an event at SENOR FROGS, specifically, the Cozumel Beach Party, at which there was unlimited drinking for three and half hours as well as diving and jumping off the seawall surrounding the property into various parts of the ocean and harbor the shallowness or depth of which cannot be appreciated by someone standing on the seawall. Because of the failure to warn and because CARNIVAL allowed its passengers and the SINGLESCRUISE Defendants members to participate in these activities, the SINGLESCRUISE Defendants passengers including Plaintiff herein jumped and dove into the water without a warning of the shallowness of the water at that location. The Plaintiff in diving in struck his head on the bottom which caused serious debilitating and permanent injuries.

95. These breaches of duty proximately caused the accident in this case by failing to manage the subject venue and event by failing to warn, failing to properly hire/screen employees, failure to restrict and monitor drinking, failure to prevent jumping off the seawall with physical barriers or by warning and other failures listed above, this accident occurred.

96. The accident in turn, resulted in severe debilitating and permanent personal injuries. The Plaintiff herein has suffered medical expenses, lost wages and loss of ability to

earn income in the past and future and has suffered pain and suffering, loss of enjoyment of life, mental anguish, disability, disfigurement, permanent impairment in the past and in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the CARNIVAL Defendant for the damages caused by its negligence which include but are not limited to damages suffered as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical, psychological, and rehabilitation expense, expense of hospitalization, ongoing medical and psychological care, treatment, and rehabilitation, nursing care and treatment, loss of earnings, and loss of ability to earn money, both in the past and in the future, and all other damages which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest including pre-judgment and post judgment interest, and any and all other damages which the Court deems just or appropriate.

## COUNT VII
## ACTUAL AGENCY – CARNIVAL

97.    The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 39, above.

98.    The Defendant CARNIVAL is the principal to its agent, the SINGLESCRUISE Defendants.  CARNIVAL acknowledged that SINGLESCRUISE acted for it through the fact that CARNIVAL allowed SINGLESCRUISE to supply passengers for CARNIVAL ships on CARNIVAL cruises;  through the fact that CARNIVAL knew or should have known that SINGLESCRUISE was representing that SINGLESCRUISE provided the CARNIVAL passengers with a cruise, that is that SINGLESCRUISE was a cruise operator; and through the fact that CARNIVAL knew or should have known that SINGLESCRUISE was representing that

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131    HICKEY LAW FIRM, P.A.    TEL 305.371.8000    •    FAX 305.371.3542

SINGLESCRUISE acted as the agent of CARNIVAL. These representations, more fully set forth above and in the exhibits to this complaint, were on the SINGLESCRUISE website. These representations also manifest and evidence the acceptance by CARNIVAL and by SINGLESCRUISE of the agency relationship with SINGLESCRUISE. This actual agency is evidenced both verbally and through the actions of the ongoing business relationship of the SINGLESCRUISE Defendants with CARNIVAL, through oral agreements and communications between the SINGLESCRUISE Defendants and CARNIVAL, and in writing through written communications and the written contract between the SINGLESCRUISE Defendants and CARNIVAL. The Plaintiff does not have a copy of this written contract or these communications; the Defendants do have copies of this written contract and these written communications.

99.     The actual agency of CARNIVAL to the SINGLESCRUISE Defendants is also evidenced through the advertising and representations made by the SINGLESCRUISE Defendants to which CARNIVAL has knowledge or certainly should have knowledge. That advertising and those representations include but are not limited to the website of the SINGLESCRUISE Defendants. On that website, the SINGLESCRUISE Defendants represents that it is **"a travel company acting as an intermediary or agent for ... cruise lines"** A copy of that representation is attached hereto as **EXHIBIT C, page 5**. The SINGLESCRUISE Defendants also represents that it is the "largest singles cruise operator in the United States"; that it offers exclusive events; that it "selects a variety of itineraries"; that the cruise passengers are "our guests"; and that it offers shore excursions. A copy of the SINGLESCRUISE Defendants website making these representations is attached hereto as **EXHIBIT E.**

100.    CARNIVAL exercised control over the SINGLESCRUISE Defendants. CARNIVAL exercised the ultimate control in the ability to terminate the ongoing relationship between it and SINGLESCRUISE and in the ability to require that SINGLESCRUISE abide by whatever rules and regulations which CARNIVAL created for the groups such as SINGLESCRUISE which created a tour and a cruise experience for the CARNIVAL passengers.

101.    The SINGLESCRUISE Defendants, the actual agent of CARNIVAL, were negligent, which negligence was the proximate cause of this accident. The negligence of the SINGLESCRUISE Defendants includes the negligent event management for the Cozumel Beach Party. The SINGLESCRUISE Defendants voluntarily undertook to offer an event, manage, promote and organize the Cozumel Beach Party. It also labeled this Cozumel Beach Party as its exclusive excursion. The SINGLESCRUISE Defendants voluntarily undertook to send group cruise directors on the excursion at the Cozumel Beach Party, and to provide a safe and enjoyable event. In fact, the SINGLESCRUISE Defendants negligently misrepresented that it would provide professional group cruise directors.

102.    The SINGLESCRUISE Defendants breached its duties owed to its passengers including the Plaintiff herein by its actions and conduct including but not limited to the following:

> a. Failure to reasonably and properly manage a group of young people which were provided "unlimited drinks for three and half solid hours" and a "waterslide directly into the ocean" and where other water activities such as jumping and diving is allowed, encouraged, and known to take place all during the day and on a regular basis;

b. Failure to reasonably and properly monitor the activities at the Cozumel Beach Party event so as to know if and when individuals are impaired, inebriated, or under the influence of alcohol so as to prevent accidents and injuries especially where there are activities involving the water and ocean;

c. Failure to assess the risks of accidents and injuries such as the accident in this case when organizing and promoting a party where there is a large collection of young people and where the bar offers "unlimited drinking for three and half solid hours" and a water slide and water activities where people are jumping and diving into the ocean from the seawall on the premises of the party;

d. Failure to choose and provide an appropriate venue for the Cozumel Beach Party and failure to change to a more safe venue for that excursion from a venue in which there would be a risk of accidents and injuries as a result of diving into the ocean to a venue where there would be no such risk;

e. Failure to require that the venue, the cruise line, or the organizer of the event put into place reasonable and appropriate measures to mitigate the risk of injury such as preventing jumping and diving into the water especially at locations where the water is known to be shallow by means of railing or other physical barriers around the seawall; signage warning attendees at the event about the dangers of jumping or diving in at that or at any location; prohibiting such jumping and diving; promulgating and enforcing rules against jumping or diving into the ocean from the seawall surrounding the property;

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131   HICKEY LAW FIRM, P.A.   TEL 305.371.8000   •   FAX 305.371.3542

and having in place personnel to warn and prevent jumping and diving into the ocean from the seawall surrounding the property;

f.  Failure to require that the venue, the cruise line, or the organizer of the event provide reasonable and adequate alcohol service policies and practices; employee training; management systems; and risk assessment to assess the risks where a large group of young, single people drinking alcohol in large amounts are allowed and encouraged to jump and dive from a seawall into the ocean with various degrees of shallowness;

g.  Failure to otherwise provide reasonable and proper security and management of the subject event so as to prevent the large number of young people drinking an unlimited amount of alcohol and jumping and diving into the ocean in places including deceptively shallow places thus allowing, encouraging and causing the injury in this case.

h.  Failure to exercise reasonable care for the safety of its cruise passengers while at an event organized, sponsored, promoted, and overseen by the defendants;

i.  Failure to inspect the Cozumel Beach Party event and to understand and appreciate the circumstances of the event including but not limited to the fact that the event is composed of a large number of young, single adults who are provided an unlimited amount of alcohol and who are allowed and encouraged to engage in water sports including jumping and diving from the seawall surrounding the property into the ocean at places of various degrees of shallowness;

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131   HICKEY LAW FIRM, P.A.   TEL 305.371.8000   •   FAX 305.371.3542

j.  Failure to provide safety devices at the subject event, the Cozumel Beach Party, which includes but is not limited to railing or other physical barriers on the seawall to prevent people from jumping or diving in; warnings on the seawall to prevent people from jumping or diving in and to warn of shallow water and the dangers of jumping in at those spots; management and personnel on site who would actually prevent such water activities at an event and in a place where there is unlimited drinking provided to a large number of young adults; providing and enforcing rules, regulations, policies, and procedures which would prohibit either a large amount of drinking by young adults and/or engaging in water sports including jumping and diving from the seawall into shallow areas;

k.  Failure to hire, screen, train, and monitor personnel at or who were supposed to be managing the event itself or of organizing the event, which the SINGLECRUISE Defendants represent to be "professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience" but who failed to act as professional group cruise directors and thus fail to manage the subject event, manage the safety of the event, manage the drinking, manage the patrons, manage the activities, and otherwise provide for a reasonable and safe environment;

l.  Failure to warn the CARNIVAL and SINGLESCRUISE passengers including the Plaintiff herein about the hazardous nature of the water activities engaged in, promoted, and allowed at the subject events, either through verbal warnings, warnings in literature, warning signs, and/or physical barriers;

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131   HICKEY LAW FIRM, P.A.   TEL 305.371.8000   •   FAX 305.371.3542

m. Failure to institute and carry out reasonable safety inspection and maintenance procedures to ensure that the event is conducted in a reasonable and safe manner;

n. Failure to prevent the accident described herein either by warning, physical barriers, enforcement of rules, choosing reasonable and appropriate venues, properly selecting, training and monitoring its own personnel at the site;

o. Failure to account for inspection of the venue and the bar and location itself for the suitability of that location and excursion for a place where unlimited drinking is allowed, encouraged, and provided;

p. Failure to determine, know of and inspect for the safety and insurance record and record of prior incidents of the subject excursion and/or location;

q. Failure to determine the level of safety of the subject excursion before such location was chosen as a venue for the Cozumel Beach Party and before the CARNIVAL and SINGLESCRUISE defendants sent their passengers to this location;

r. Failure to exercise control over the operator and/or owners and/or managers at the subject location SENOR FROGS at Cozumel, to ensure and provide a safe place and safe event for the CARNIVAL and SINGLECRUISE Defendant passengers;

s. Failure to live up to the representations made by the SINGLESCRUISE Defendants in their literature and on their website including representations that it would provide "short tours with a variety of local third party native vendors who are extremely reputable and professional";

t.  Failure to provide an event "fully hosted by a team of professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience";

u.  Failure to require that this excursion and event be held only in a place which would provide for safety of its cruise passengers;

v.  Failure to warn its cruise passengers of the dangers that is that the physical venue itself and the circumstances of the event would be unsafe, that the water sports specifically would be unsafe; that the waters surrounding the seawall would be shallow and too dangerous to jump or dive in; that there would not be a physical venue appropriate for young, single people who have been furnished unlimited alcohol to drink and who are encouraged to jump or dive off of a seawall into waters of unknown and various depths; and that there would not be reasonable or sufficient management of the premises, the operations of the bar/entertainment complex, or of the event itself;

w.  Failure to prevent its cruise passengers from going on an excursion and event under dangerous conditions;

x.  Failure to prevent or stop the participation and dangerous activities such as jumping and diving in shallow areas, knowing that the CARNIVAL and SINGLESCRUISE passengers were participating in the subject excursion where there was unreasonably dangerous conditions and circumstances;

y.  Failure to properly and reasonably hire, screen, train, and monitor its employees, that is the bar/restaurant employees and the group cruise directors,

in controlling the activities of the CARNIVAL and SINGLESCRUISE passengers on the excursion;

z.  Failure to properly and reasonably monitor and control the activities of its cruise passengers on the excursion and event, especially in an area and on an event where the Defendants know to be an area with dangerous conditions;

aa. Failure to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the ones in this case and utilizing or allowing negligent method of operations;

bb. Failure to prevent or to stop ongoing, recurring, continuous and/or repetitive problems and conditions, and allowing such problems and conditions to remain, which problems and conditions would cause accidents or injuries at the subject event and location;

cc. Failure to choose, screen and/or inspect its excursion operator both initially at the beginning of the relationship and at periodic intervals, to ensure that the operators, in this case Senor Frogs restaurant, bar, and entertainment complex and the owners thereof provided a safe event taking in to account the totality of the circumstances of the event;

dd. Failure to provide a plan for emergency medical evacuation and/or emergency medical treatment from the venue or event if an accident of this type did occur;

ee. Failure to provide emergency medical treatment and/or evacuation of its cruise passengers if an emergency medical situation occurred at a venue or event such as the one in this case; and

ff. Failure to otherwise maintain a safe excursion and event, safe premises, and safe bar and entertainment operation.

103. The negligence of the SINGLESCRUISE Defendants proximately caused the accident and the injuries and damages resulting therefrom. If not, for this negligence the accident would not have occurred.

104. The accident, in turn, resulted in severe debilitating and permanent personal injury. The Plaintiff herein has suffered medical expenses, lost wages and loss of ability to earn income in the past and future and has suffered pain and suffering, loss of enjoyment of life, mental anguish, disability, disfigurement, permanent impairment in the past and in the future.

105. CARNIVAL CORPORATION is liable and responsible for the negligence of the SINGLESCRUISE Defendants as a result of the actual agency of the SINGLESCRUISE Defendants to CARNIVAL.

**WHEREFORE,** the Plaintiff demands Judgment against CARNIVAL for the damages proximately caused which include but are not limited to damages suffered as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical, psychological, and rehabilitation expense, expense of hospitalization, ongoing medical and psychological care, treatment, and rehabilitation, nursing care and treatment, loss of earnings, and loss of ability to earn money, both in the past and in the future, and all other damages which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest including pre-judgment and post judgment interest, and any and all other damages which the Court deems just or appropriate.

## COUNT VIII
## AGENCY BY ESTOPPEL OR APPARENT AGENCY – CARNIVAL

106.   The Plaintiff herby adopts and re-alleges each and every allegation in paragraphs 1 through 39, above.

107.   The SINGLESCRUISE Defendants hold themselves out as the agents of CARNIVAL, with the knowledge and consent of CARNIVAL.  This holding out takes place in representations in the literature of the SINGLESCRUISE Defendants including but not limited to the website of the SINGLESCRUISE Defendants.  On that website, the SINGLESCRUISE represents and acknowledges that they are agents of the cruise line.  The SINGLESCRUISE Defendants represent that it is a "**travel company acting as an intermediary or agent for ... cruise lines**".  In this case, the cruise line is CARNIVAL.

108.   CARNIVAL knew of these representations by SINGLESCRUISE because the representations appear on the website of SINGLESCRUISE, because CARNIVAL had and has an ongoing business and contractual relationship with SINGLESCRUISE, because that ongoing business and contractual relationship entailed the SINGLESCRUISE passengers actually sailing on the CARNIVAL ships, and because that ongoing business and contractual relationship required SINGLESCRUISE to advise and coordinate with CARNIVAL regarding the activities planned by SINGLESCRUISE.   CARNIVAL allowed SINGLESCRUISE to continue to make these representations and thus ratified the representations of SINGLESCRUISE.

109.   CARNIVAL allows either explicitly or implicitly the SINGLESCRUISE Defendants to hold themselves out as an agent of CARNIVAL.   As a result, the SINGLESCRUISE Defendants are the agents by estoppel of CARNIVAL and thus are the apparent agents of CARNIVAL.  As such, CARNIVAL is responsible for the actions, conduct and negligence of the SINGLESCRUISE Defendants.

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131    HICKEY LAW FIRM, P.A.    TEL 305.371.8000    •    FAX 305.371.3542

110.    The Plaintiff in good faith relied on these representations made by SINGLESCRUISE with the knowledge and consent of CARNIVAL. This reliance was justified. Based on this reliance and on these representations, the Plaintiff changed his position to his detriment, that is, he chose to go onto this SINGLESCRUISE cruise and to go onto this Cozumel Beach Party excursion with the understanding that SINGLESCRUISE was acting for CARNIVAL in setting up the cruise and in organizing the excursion.

111.    The SINGLESCRUISE Defendants are negligent which negligence proximately caused the accident and injuries in this case.

112.    The SINGLESCRUISE Defendants breached their duties owed to its passengers including the Plaintiff herein by its actions and conduct including but not limited to the following:

> a. Failure to reasonably and properly manage a group of young people which were provided "unlimited drinks for three and half solid hours" and a "waterslide directly into the ocean" and where other water activities such as jumping and diving is allowed, encouraged, and known to take place all during the day and on a regular basis;
>
> b. Failure to reasonably and properly monitor the activities at the Cozumel Beach Party event so as to know if and when individuals are impaired, inebriated, or under the influence of alcohol so as to prevent accidents and injuries especially where there are activities involving the water and ocean;
>
> c. Failure to assess the risks of accidents and injuries such as the accident in this case when organizing and promoting a party where there is a large collection of young people and where the bar offers "unlimited drinking for three and

half solid hours" and a water slide and water activities where people are jumping and diving into the ocean from the seawall on the premises of the party;

d.  Failure to choose and provide an appropriate venue for the Cozumel Beach Party and failure to change to a more safe venue for that excursion from a venue in which there would be a risk of accidents and injuries as a result of diving into the ocean to a venue where there would be no such risk;

e.  Failure to require that the venue, the cruise line, or the organizer of the event put into place reasonable and appropriate measures to mitigate the risk of injury such as preventing jumping and diving into the water especially at locations where the water is known to be shallow by means of railing or other physical barriers around the seawall; signage warning attendees at the event about the dangers of jumping or diving in at that or at any location; prohibiting such jumping and diving; promulgating and enforcing rules against jumping or diving into the ocean from the seawall surrounding the property; and having in place personnel to warn and prevent jumping and diving into the ocean from the seawall surrounding the property;

f.  Failure to require that the venue, the cruise line, or the organizer of the event provide reasonable and adequate alcohol service policies and practices; employee training; management systems; and risk assessment to assess the risks where a large group of young, single people drinking alcohol in large amounts are allowed and encouraged to jump and dive from a seawall into the ocean with various degrees of shallowness;

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131   HICKEY LAW FIRM, P.A.   TEL 305.371.8000   •   FAX 305.371.3542

g.  Failure to otherwise provide reasonable and proper security and management of the subject event so as to prevent the large number of young people drinking an unlimited amount of alcohol and jumping and diving into the ocean in places including deceptively shallow places thus allowing, encouraging and causing the injury in this case.

h.  Failure to exercise reasonable care for the safety of its cruise passengers while at an event organized, sponsored, promoted, and overseen by the defendants;

i.  Failure to inspect the Cozumel Beach Party event and to understand and appreciate the circumstances of the event including but not limited to the fact that the event is composed of a large number of young, single adults who are provided an unlimited amount of alcohol and who are allowed and encouraged to engage in water sports including jumping and diving from the seawall surrounding the property into the ocean at places of various degrees of shallowness;

j.  Failure to provide safety devices at the subject event, the Cozumel Beach Party, which includes but is not limited to railing or other physical barriers on the seawall to prevent people from jumping or diving in; warnings on the seawall to prevent people from jumping or diving in and to warn of shallow water and the dangers of jumping in at those spots; management and personnel on site who would actually prevent such water activities at an event and in a place where there is unlimited drinking provided to a large number of young adults; providing and enforcing rules, regulations, policies, and procedures which would prohibit either a large amount of drinking by young adults and/or

engaging in water sports including jumping and diving from the seawall into shallow areas;

k.  Failure to hire, screen, train, and monitor personnel at or who were supposed to be managing the event itself or of organizing the event, which the SINGLECRUISE Defendants represent to be "professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience" but who failed to act as professional group cruise directors and thus fail to manage the subject event, manage the safety of the event, manage the drinking, manage the patrons, manage the activities, and otherwise provide for a reasonable and safe environment;

l.  Failure to warn the CARNIVAL and SINGLESCRUISE passengers including the Plaintiff herein about the hazardous nature of the water activities engaged in, promoted, and allowed at the subject events, either through verbal warnings, warnings in literature, warning signs, and/or physical barriers;

m.  Failure to institute and carry out reasonable safety inspection and maintenance procedures to ensure that the event is conducted in a reasonable and safe manner;

n.  Failure to prevent the accident described herein either by warning, physical barriers, enforcement of rules, choosing reasonable and appropriate venues, properly selecting, training and monitoring its own personnel at the site;

o.  Failure to account for inspection of the venue and the bar and location itself for the suitability of that location and excursion for a place where unlimited drinking is allowed, encouraged, and provided;

p.  Failure to determine, know of and inspect for the safety and insurance record and record of prior incidents of the subject excursion and/or location;

q.  Failure to determine the level of safety of the subject excursion before such location was chosen as a venue for the Cozumel Beach Party and before the CARNIVAL and SINGLESCRUISE defendants sent their passengers to this location;

r.  Failure to exercise control over the operator and/or owners and/or managers at the subject location SENOR FROGS at Cozumel, to ensure and provide a safe place and safe event for the CARNIVAL and SINGLECRUISE Defendant passengers;

s.  Failure to live up to the representations made by the SINGLESCRUISE Defendants in their literature and on their website including representations that it would provide "short tours with a variety of local third party native vendors who are extremely reputable and professional";

t.  Failure to provide an event "fully hosted by a team of professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience";

u.  Failure to require that this excursion and event be held only in a place which would provide for safety of its cruise passengers;

v.  Failure to warn its cruise passengers of the dangers that is that the physical venue itself and the circumstances of the event would be unsafe, that the water sports specifically would be unsafe; that the waters surrounding the seawall would be shallow and too dangerous to jump or dive in; that there would not

be a physical venue appropriate for young, single people who have been furnished unlimited alcohol to drink and who are encouraged to jump or dive off of a seawall into waters of unknown and various depths; and that there would not be reasonable or sufficient management of the premises, the operations of the bar/entertainment complex, or of the event itself;

w. Failure to prevent its cruise passengers from going on an excursion and event under dangerous conditions;

x. Failure to prevent or stop the participation and dangerous activities such as jumping and diving in shallow areas, knowing that the CARNIVAL and SINGLESCRUISE passengers were participating in the subject excursion where there was unreasonably dangerous conditions and circumstances;

y. Failure to properly and reasonably hire, screen, train, and monitor its employees, that is the bar/restaurant employees and the group cruise directors, in controlling the activities of the CARNIVAL and SINGLESCRUISE passengers on the excursion;

z. Failure to properly and reasonably monitor and control the activities of its cruise passengers on the excursion and event, especially in an area and on an event where the Defendants know to be an area with dangerous conditions;

aa. Failure to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the ones in this case and utilizing or allowing negligent method of operations;

bb. Failure to prevent or to stop ongoing, recurring, continuous and/or repetitive problems and conditions, and allowing such problems and conditions to

remain, which problems and conditions would cause accidents or injuries at the subject event and location;

cc. Failure to choose, screen and/or inspect its excursion operator both initially at the beginning of the relationship and at periodic intervals, to ensure that the operators, in this case Senor Frogs restaurant, bar, and entertainment complex and the owners thereof provided a safe event taking in to account the totality of the circumstances of the event;

dd. Failure to provide a plan for emergency medical evacuation and/or emergency medical treatment from the venue or event if an accident of this type did occur;

ee. Failure to provide emergency medical treatment and/or evacuation of its cruise passengers if an emergency medical situation occurred at a venue or event such as the one in this case; and

ff. Failure to otherwise maintain a safe excursion and event, safe premises, and safe bar and entertainment operation.

113.    The negligence of the SINGLESCRUISE Defendants proximately caused the accident and the injuries and damages resulting therein.  If not, for this negligence, the accident would not have occurred.

114.    The accident, in turn, resulted in severe debilitating and permanent personal injury.  The Plaintiff herein has suffered medical expenses, lost wages and loss of ability to earn income in the past and future and has suffered pain and suffering, loss of enjoyment of life, mental anguish, disability, disfigurement, permanent impairment in the past and in the future.

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131   HICKEY LAW FIRM, P.A.   TEL 305.371.8000   •   FAX 305.371.3542

115.    CARNIVAL is liable and responsible for the negligence of the SINGLESCRUISE Defendants as a result of the agency by estoppel or apparent agency of the SINGLESCRUISE Defendants to CARNIVAL.

**WHEREFORE,** the Plaintiff demands Judgment against CARNIVAL for the damages which include but are not limited to damages suffered as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical, psychological, and rehabilitation expense, expense of hospitalization, ongoing medical and psychological care, treatment, and rehabilitation, nursing care and treatment, loss of earnings, and loss of ability to earn money, both in the past and in the future, and all other damages which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest including pre-judgment and post judgment interest, and any and all other damages which the Court deems just or appropriate.

### COUNT IX
### THIRD PARTY BENEFICIARY CONTRACT – CARNIVAL DEFENDANTS AND SINGLESCRUISE DEFENDANTS

116.    The Plaintiff herby adopts and re-alleges each and every allegation in paragraphs 1 through 39, above.

117.    The CARNIVAL Defendants and the SINGLESCRUISE Defendants entered into a contract. That contract is either verbal or in writing. The CARNIVAL Defendants and the SINGLESCRUISE Defendants, have a copy of any writings evidencing that contract; the Plaintiff does not have the writings evidencing that contract.

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131   HICKEY LAW FIRM, P.A.   TEL 305.371.8000   •   FAX 305.371.3542

118.   The terms and conditions of the contract are that CARNIVAL would provide to the SINGLESCRUISE Defendants certain services including warning passengers of dangers of which CARNIVAL was aware. This term was either expressed or implied.

119.   The intended beneficiaries of this contract whereby CARNIVAL would warn its passengers of dangers of which is knows or should know are all of its own passengers including the SINGLESCRUISE passengers and thus the Plaintiff herein.

120.   One of the implied terms of the third party beneficiary contract is that CARNIVAL would provide a reasonably safe destination for the SINGLESCRUISE Defendants passengers and that CARNIVAL would warn the passengers including the SINGLESCRUISE Defendants passengers and the Plaintiff herein of dangers of which it knew or should have known.   CARNIVAL corporation breached this third party beneficiary contract by failing to warn not only the SINGLESCRUISE Defendants but also the CARNIVAL Defendants own passengers, about the dangers of the Cozumel Beach Party and SENOR FROGS.

121.   This venue, SENOR FROGS at Cozumel, is excessively dangerous, especially given the circumstances of the excursion, namely, the "unlimited drinks for three and half solid hours" and a venue with a seawall and a water slide inviting people to jump and dive in especially at the base of the slide where the shallowness of the water was not apparent or observable by people jumping into the water and where no warning or certainly no sufficient warnings were provided about this danger; no barrier was provided to prevent this danger, and the several factors promoting and encouraging this activity at that location including the positioning of the slide and the provision of excessive alcohol to patrons.

122.   CARNIVAL's breaches of this third party beneficiary contract consequently caused the accident and the injuries resulting therefrom. As a result of CARNIVAL providing

this venue for the SINGLESCRUISE Defendants and as a result of CARNIVAL not warning about the dangers of this event and the venue, this accident, occurred.

123. One of the implied terms of the contact between the CARNIVAL Defendants and the SINGLESCRUISE Defendants was that the SINGLECRUISE Defendants would select a safe venue for its passengers, who also are the CARNIVAL Defendants passengers, at which to host the Cozumel Beach Party, to properly supervise or police the activities at that party, to assess before-hand the risks of danger at such an event, and to warn of and prevent any such dangers.

124. The SINGLESCRUISE Defendants breached that contact by their actions and conduct including but not limited to:

    a. Failure to reasonably and properly manage a group of young people which were provided "unlimited drinks for three and half solid hours" and a "waterslide directly into the ocean" and where other water activities such as jumping and diving is allowed, encouraged, and known to take place all during the day and on a regular basis;

    b. Failure to reasonably and properly monitor the activities at the Cozumel Beach Party event so as to know if and when individuals are impaired, inebriated, or under the influence of alcohol so as to prevent accidents and injuries especially where there are activities involving the water and ocean;

    c. Failure to assess the risks of accidents and injuries such as the accident in this case when organizing and promoting a party where there is a large collection of young people and where the bar offers "unlimited drinking for three and half solid hours" and a water slide and water activities where people are

jumping and diving into the ocean from the seawall on the premises of the party;

d. Failure to choose and provide an appropriate venue for the Cozumel Beach Party and failure to change to a more safe venue for that excursion from a venue in which there would be a risk of accidents and injuries as a result of diving into the ocean to a venue where there would be no such risk;

e. Failure to require that the venue, the cruise line, or the organizer of the event put into place reasonable and appropriate measures to mitigate the risk of injury such as preventing jumping and diving into the water especially at locations where the water is known to be shallow by means of railing or other physical barriers around the seawall; signage warning attendees at the event about the dangers of jumping or diving in at that or at any location; prohibiting such jumping and diving; promulgating and enforcing rules against jumping or diving into the ocean from the seawall surrounding the property; and having in place personnel to warn and prevent jumping and diving into the ocean from the seawall surrounding the property;

f. Failure to require that the venue, the cruise line, or the organizer of the event provide reasonable and adequate alcohol service policies and practices; employee training; management systems; and risk assessment to assess the risks where a large group of young, single people drinking alcohol in large amounts are allowed and encouraged to jump and dive from a seawall into the ocean with various degrees of shallowness;

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131   HICKEY LAW FIRM, P.A.   TEL 305.371.8000   •   FAX 305.371.3542

g.  Failure to otherwise provide reasonable and proper security and management of the subject event so as to prevent the large number of young people drinking an unlimited amount of alcohol and jumping and diving into the ocean in places including deceptively shallow places thus allowing, encouraging and causing the injury in this case.

h.  Failure to exercise reasonable care for the safety of its cruise passengers while at an event organized, sponsored, promoted, and overseen by the defendants;

i.  Failure to inspect the Cozumel Beach Party event and to understand and appreciate the circumstances of the event including but not limited to the fact that the event is composed of a large number of young, single adults who are provided an unlimited amount of alcohol and who are allowed and encouraged to engage in water sports including jumping and diving from the seawall surrounding the property into the ocean at places of various degrees of shallowness;

j.  Failure to provide safety devices at the subject event, the Cozumel Beach Party, which includes but is not limited to railing or other physical barriers on the seawall to prevent people from jumping or diving in; warnings on the seawall to prevent people from jumping or diving in and to warn of shallow water and the dangers of jumping in at those spots; management and personnel on site who would actually prevent such water activities at an event and in a place where there is unlimited drinking provided to a large number of young adults; providing and enforcing rules, regulations, policies, and procedures which would prohibit either a large amount of drinking by young adults and/or

engaging in water sports including jumping and diving from the seawall into shallow areas;

k.  Failure to hire, screen, train, and monitor personnel at or who were supposed to be managing the event itself or of organizing the event, which the SINGLECRUISE Defendants represent to be "professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience" but who failed to act as professional group cruise directors and thus fail to manage the subject event, manage the safety of the event, manage the drinking, manage the patrons, manage the activities, and otherwise provide for a reasonable and safe environment;

l.  Failure to warn the CARNIVAL and SINGLESCRUISE passengers including the Plaintiff herein about the hazardous nature of the water activities engaged in, promoted, and allowed at the subject events, either through verbal warnings, warnings in literature, warning signs, and/or physical barriers;

m.  Failure to institute and carry out reasonable safety inspection and maintenance procedures to ensure that the event is conducted in a reasonable and safe manner;

n.  Failure to prevent the accident described herein either by warning, physical barriers, enforcement of rules, choosing reasonable and appropriate venues, properly selecting, training and monitoring its own personnel at the site;

o.  Failure to account for inspection of the venue and the bar and location itself for the suitability of that location and excursion for a place where unlimited drinking is allowed, encouraged, and provided;

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131   HICKEY LAW FIRM, P.A.   TEL 305.371.8000   •   FAX 305.371.3542

p. Failure to determine, know of and inspect for the safety and insurance record and record of prior incidents of the subject excursion and/or location;

q. Failure to determine the level of safety of the subject excursion before such location was chosen as a venue for the Cozumel Beach Party and before the CARNIVAL and SINGLESCRUISE defendants sent their passengers to this location;

r. Failure to exercise control over the operator and/or owners and/or managers at the subject location SENOR FROGS at Cozumel, to ensure and provide a safe place and safe event for the CARNIVAL and SINGLECRUISE Defendant passengers;

s. Failure to live up to the representations made by the SINGLESCRUISE Defendants in their literature and on their website including representations that it would provide "short tours with a variety of local third party native vendors who are extremely reputable and professional";

t. Failure to provide an event "fully hosted by a team of professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience";

u. Failure to require that this excursion and event be held only in a place which would provide for safety of its cruise passengers;

v. Failure to warn its cruise passengers of the dangers that is that the physical venue itself and the circumstances of the event would be unsafe, that the water sports specifically would be unsafe; that the waters surrounding the seawall would be shallow and too dangerous to jump or dive in; that there would not

95

be a physical venue appropriate for young, single people who have been furnished unlimited alcohol to drink and who are encouraged to jump or dive off of a seawall into waters of unknown and various depths; and that there would not be reasonable or sufficient management of the premises, the operations of the bar/entertainment complex, or of the event itself;

w. Failure to prevent its cruise passengers from going on an excursion and event under dangerous conditions;

x. Failure to prevent or stop the participation and dangerous activities such as jumping and diving in shallow areas, knowing that the CARNIVAL and SINGLESCRUISE passengers were participating in the subject excursion where there was unreasonably dangerous conditions and circumstances;

y. Failure to properly and reasonably hire, screen, train, and monitor its employees, that is the bar/restaurant employees and the group cruise directors, in controlling the activities of the CARNIVAL and SINGLESCRUISE passengers on the excursion;

z. Failure to properly and reasonably monitor and control the activities of its cruise passengers on the excursion and event, especially in an area and on an event where the Defendants know to be an area with dangerous conditions;

aa. Failure to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the ones in this case and utilizing or allowing negligent method of operations;

bb. Failure to prevent or to stop ongoing, recurring, continuous and/or repetitive problems and conditions, and allowing such problems and conditions to

remain, which problems and conditions would cause accidents or injuries at the subject event and location;

cc. Failure to choose, screen and/or inspect its excursion operator both initially at the beginning of the relationship and at periodic intervals, to ensure that the operators, in this case Senor Frogs restaurant, bar, and entertainment complex and the owners thereof provided a safe event taking in to account the totality of the circumstances of the event;

dd. Failure to provide a plan for emergency medical evacuation and/or emergency medical treatment from the venue or event if an accident of this type did occur;

ee. Failure to provide emergency medical treatment and/or evacuation of its cruise passengers if an emergency medical situation occurred at a venue or event such as the one in this case; and

ff. Failure to otherwise maintain a safe excursion and event, safe premises, and safe bar and entertainment operation.

125.    The breaches of the SINGLESCRUISE Defendants caused the accident and consequential dangers to the Plaintiff.

126.    The accident, in turn, resulted in severe debilitating and permanent personal injury. The Plaintiff herein has suffered medical expenses, lost wages and loss of ability to earn income in the past and future and has suffered pain and suffering, loss of enjoyment of life, mental anguish, disability, disfigurement, permanent impairment in the past and in the future.

127.    CARNIVAL is liable and responsible for its breaches of this contract with the SINGLESCRUISE Defendants for which the Plaintiff was an intended third party beneficiary.

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131   HICKEY LAW FIRM. P.A.   TEL 305.371.8000   •   FAX 305.371.3542

128.    The SINGLESCRUISE Defendants are liable and responsible for its breaches of this contract with CARNIVAL for which the Plaintiff was an intended third party beneficiary.

**WHEREFORE,** the Plaintiff demands Judgment against CARNIVAL and the SINGLESCRUISE Defendants for breaches of third party beneficiary contract, namely, that the intended beneficiary of this contract are the passengers including the Plaintiff herein and the consequential damages which include but are not limited to damages suffered as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical, psychological, and rehabilitation expense, expense of hospitalization, ongoing medical and psychological care, treatment, and rehabilitation, nursing care and treatment, loss of earnings, and loss of ability to earn money, both in the past and in the future, and all other damages which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest including pre-judgment and post judgment interest, and any and all other damages which the Court deems just or appropriate.

## COUNT X
## JOINT VENTURE – CARNIVAL AND SINGLESCRUISE DEFENDANTS

129.    The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 39, above.

130.    The Defendant, CARNIVAL, entered into a joint venture with the SINGLESCRUISE Defendants.   This joint venture is evidenced orally and in writing by agreements and by communications.  The Defendants have copies of these agreements and/or communications; the Plaintiff does not have copies of such agreements and/or communications.

131.    The joint venture between the CARNIVAL Defendants and the SINGLESCRUISE Defendants was to provide to the SINGLESCRUISE and CARNIVAL

passengers a Cozumel Beach Party at SENOR FROGS. This venture was specifically for the SINGLESCRUISE Defendants passengers and specifically during the port day at Cozumel, Mexico.

132.    As a result of the joint venture between CARNIVAL and the SINGLESCRUISE Defendants, CARNIVAL is liable and responsible for the actions and negligence of its joint ventures the SINGLESCRUISE Defendants.

133.    The SINGLESCRUISE Defendants was negligent, which negligence was the proximate cause of the accident and injuries in this case. This negligence was through the actions and conduct of the SINGLESCRUISE Defendants including but not limited to the following:

a.    Failure to reasonably and properly manage a group of young people which were provided "unlimited drinks for three and half solid hours" and a "waterslide directly into the ocean" and where other water activities such as jumping and diving is allowed, encouraged, and known to take place all during the day and on a regular basis;

b.    Failure to reasonably and properly monitor the activities at the Cozumel Beach Party event so as to know if and when individuals are impaired, inebriated, or under the influence of alcohol so as to prevent accidents and injuries especially where there are activities involving the water and ocean;

c.    Failure to assess the risks of accidents and injuries such as the accident in this case when organizing and promoting a party where there is a large collection of young people and where the bar offers "unlimited drinking for three and half solid hours" and a water slide and water activities where people are

jumping and diving into the ocean from the seawall on the premises of the party;

d.  Failure to choose and provide an appropriate venue for the Cozumel Beach Party and failure to change to a more safe venue for that excursion from a venue in which there would be a risk of accidents and injuries as a result of diving into the ocean to a venue where there would be no such risk;

e.  Failure to require that the venue, the cruise line, or the organizer of the event put into place reasonable and appropriate measures to mitigate the risk of injury such as preventing jumping and diving into the water especially at locations where the water is known to be shallow by means of railing or other physical barriers around the seawall; signage warning attendees at the event about the dangers of jumping or diving in at that or at any location; prohibiting such jumping and diving; promulgating and enforcing rules against jumping or diving into the ocean from the seawall surrounding the property; and having in place personnel to warn and prevent jumping and diving into the ocean from the seawall surrounding the property;

f.  Failure to require that the venue, the cruise line, or the organizer of the event provide reasonable and adequate alcohol service policies and practices; employee training; management systems; and risk assessment to assess the risks where a large group of young, single people drinking alcohol in large amounts are allowed and encouraged to jump and dive from a seawall into the ocean with various degrees of shallowness;

g.   Failure to otherwise provide reasonable and proper security and management of the subject event so as to prevent the large number of young people drinking an unlimited amount of alcohol and jumping and diving into the ocean in places including deceptively shallow places thus allowing, encouraging and causing the injury in this case.

h.   Failure to exercise reasonable care for the safety of its cruise passengers while at an event organized, sponsored, promoted, and overseen by the defendants;

i.   Failure to inspect the Cozumel Beach Party event and to understand and appreciate the circumstances of the event including but not limited to the fact that the event is composed of a large number of young, single adults who are provided an unlimited amount of alcohol and who are allowed and encouraged to engage in water sports including jumping and diving from the seawall surrounding the property into the ocean at places of various degrees of shallowness;

j.   Failure to provide safety devices at the subject event, the Cozumel Beach Party, which includes but is not limited to railing or other physical barriers on the seawall to prevent people from jumping or diving in; warnings on the seawall to prevent people from jumping or diving in and to warn of shallow water and the dangers of jumping in at those spots; management and personnel on site who would actually prevent such water activities at an event and in a place where there is unlimited drinking provided to a large number of young adults; providing and enforcing rules, regulations, policies, and procedures which would prohibit either a large amount of drinking by young adults and/or

engaging in water sports including jumping and diving from the seawall into shallow areas;

k. Failure to hire, screen, train, and monitor personnel at or who were supposed to be managing the event itself or of organizing the event, which the SINGLECRUISE Defendants represent to be "professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience" but who failed to act as professional group cruise directors and thus fail to manage the subject event, manage the safety of the event, manage the drinking, manage the patrons, manage the activities, and otherwise provide for a reasonable and safe environment;

l. Failure to warn the CARNIVAL and SINGLESCRUISE passengers including the Plaintiff herein about the hazardous nature of the water activities engaged in, promoted, and allowed at the subject events, either through verbal warnings, warnings in literature, warning signs, and/or physical barriers;

m. Failure to institute and carry out reasonable safety inspection and maintenance procedures to ensure that the event is conducted in a reasonable and safe manner;

n. Failure to prevent the accident described herein either by warning, physical barriers, enforcement of rules, choosing reasonable and appropriate venues, properly selecting, training and monitoring its own personnel at the site;

o. Failure to account for inspection of the venue and the bar and location itself for the suitability of that location and excursion for a place where unlimited drinking is allowed, encouraged, and provided;

p.  Failure to determine, know of and inspect for the safety and insurance record and record of prior incidents of the subject excursion and/or location;

q.  Failure to determine the level of safety of the subject excursion before such location was chosen as a venue for the Cozumel Beach Party and before the CARNIVAL and SINGLESCRUISE defendants sent their passengers to this location;

r.  Failure to exercise control over the operator and/or owners and/or managers at the subject location SENOR FROGS at Cozumel, to ensure and provide a safe place and safe event for the CARNIVAL and SINGLECRUISE Defendant passengers;

s.  Failure to live up to the representations made by the SINGLESCRUISE Defendants in their literature and on their website including representations that it would provide "short tours with a variety of local third party native vendors who are extremely reputable and professional";

t.  Failure to provide an event "fully hosted by a team of professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience";

u.  Failure to require that this excursion and event be held only in a place which would provide for safety of its cruise passengers;

v.  Failure to warn its cruise passengers of the dangers that is that the physical venue itself and the circumstances of the event would be unsafe, that the water sports specifically would be unsafe; that the waters surrounding the seawall would be shallow and too dangerous to jump or dive in; that there would not

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131   HICKEY LAW FIRM, P.A.   TEL 305.371.8000   •   FAX 305.371.3542

be a physical venue appropriate for young, single people who have been furnished unlimited alcohol to drink and who are encouraged to jump or dive off of a seawall into waters of unknown and various depths; and that there would not be reasonable or sufficient management of the premises, the operations of the bar/entertainment complex, or of the event itself;

w. Failure to prevent its cruise passengers from going on an excursion and event under dangerous conditions;

x. Failure to prevent or stop the participation and dangerous activities such as jumping and diving in shallow areas, knowing that the CARNIVAL and SINGLESCRUISE passengers were participating in the subject excursion where there was unreasonably dangerous conditions and circumstances;

y. Failure to properly and reasonably hire, screen, train, and monitor its employees, that is the bar/restaurant employees and the group cruise directors, in controlling the activities of the CARNIVAL and SINGLESCRUISE passengers on the excursion;

z. Failure to properly and reasonably monitor and control the activities of its cruise passengers on the excursion and event, especially in an area and on an event where the Defendants know to be an area with dangerous conditions;

aa. Failure to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the ones in this case and utilizing or allowing negligent method of operations;

bb. Failure to prevent or to stop ongoing, recurring, continuous and/or repetitive problems and conditions, and allowing such problems and conditions to

remain, which problems and conditions would cause accidents or injuries at the subject event and location;

cc. Failure to choose, screen and/or inspect its excursion operator both initially at the beginning of the relationship and at periodic intervals, to ensure that the operators, in this case Senor Frogs restaurant, bar, and entertainment complex and the owners thereof provided a safe event taking in to account the totality of the circumstances of the event;

dd. Failure to provide a plan for emergency medical evacuation and/or emergency medical treatment from the venue or event if an accident of this type did occur;

ee. Failure to provide emergency medical treatment and/or evacuation of its cruise passengers if an emergency medical situation occurred at a venue or event such as the one in this case; and

ff. Failure to otherwise maintain a safe excursion and event, safe premises, and safe bar and entertainment operation.

134.    The negligence of the SINGLESCRUISE Defendants proximately caused the accident and the injuries and damages resulting therein. If not, for this negligence, the accident would not have occurred.

131. The accident, in turn, resulted in severe debilitating and permanent personal injury. The Plaintiff herein has suffered medical expenses, lost wages and loss of ability to earn income in the past and future and has suffered pain and suffering, loss of enjoyment of life, mental anguish, disability, disfigurement, permanent impairment in the past and in the future.

135.     CARNIVAL CORPORATION is liable and responsible for the negligence of the SINGLESCRUISE Defendants as a result of the joint ventures between the SINGLESCRUISE Defendants and CARNIVAL.

**WHEREFORE,** the Plaintiff demands Judgment against the CARNIVAL for breaches of third party the negligence of the SINGLESCRUISE Defendants the damages proximately caused by the negligence of the SINGLESCRUISE Defendants which include but are not limited to damages suffered as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical, psychological, and rehabilitation expense, expense of hospitalization, ongoing medical and psychological care, treatment, and rehabilitation, nursing care and treatment, loss of earnings, and loss of ability to earn money, both in the past and in the future, and all other damages which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest including pre-judgment and post judgment interest, and any and all other damages which the Court deems just or appropriate.

<u>**COUNT XI**</u>
<u>**NEGLIGENCE – SENOR FROGS**</u>

136.     The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 39, above.

137.     The SENOR FROGS Defendants own and operate the restaurant, bar and entertainment complex known as SENOR FROGS in Cozumel, Mexico. The Defendants on the website and in their literature and in press releases represent that "SENOR FROGS is not just a restaurant or a bar. It is a full entertainment idea and concept." The goal of their restaurant and bar and entertainment idea and concept is to (a) encourage the customers to drink an excessive

amount of alcohol immediately when they walk in the door and (b) provide non-stop activities. The activities include sliding, jumping, and diving into the ocean from the seawall surrounding the SENOR FROGS property. SENOR FROGS, allows, encourages and promotes all such water activities, even after the customers have been drinking.

138. SENOR FROGS also hosts the Cozumel Beach Party organized by the SINGLESCRUISE Defendants. The Cozumel Beach Party is an event described as "unlimited drinks for three and half solid hours" on the property of the SENOR FROGS Defendants. The SENOR FROGS Defendants maintain an ongoing business relationship with the SINGLESCRUISE Defendants to host the Cozumel beach party on the premises of the SENOR FROGS Defendants in Cozumel, Mexico.

139. SENOR FROGS has a duty to provide a reasonably safe place for its patrons, mostly cruise ship passengers, including the SINGLESCRUISE Defendants cruise line passengers as in this case. SENOR FROGS owes those passengers including the Plaintiff herein a duty to provide a reasonably safe premises in which to hold a party; reasonable and safe bar restaurant entertainment area; and reasonable and safe event itself, that is, the Cozumel Beach Party.

140. The SENOR FROGS Defendants breached their duties of due care to provide a reasonably safe premises, reasonably safe bar restaurant and entertainment area and a reasonably safe event by its actions and conduct including but not limited to the following:

        a. Failure to reasonably and properly manage a group of young people which were provided "unlimited drinks for three and half solid hours" and a "waterslide directly into the ocean" and where other water activities such as

jumping and diving is allowed, encouraged, and known to take place all during the day and on a regular basis;

b. Failure to reasonably and properly monitor the activities at the Cozumel Beach Party event so as to know if and when individuals are impaired, inebriated, or under the influence of alcohol so as to prevent accidents and injuries especially where there are activities involving the water and ocean;

c. Failure to assess the risks of accidents and injuries such as the accident in this case when organizing and promoting a party where there is a large collection of young people and where the bar offers "unlimited drinking for three and half solid hours" and a water slide and water activities where people are jumping and diving into the ocean from the seawall on the premises of the party;

d. Failure to choose and provide an appropriate venue for the Cozumel Beach Party and failure to change to a more safe venue for that excursion from a venue in which there would be a risk of accidents and injuries as a result of diving into the ocean to a venue where there would be no such risk;

e. Failure to require that the venue, the cruise line, or the organizer of the event put into place reasonable and appropriate measures to mitigate the risk of injury such as preventing jumping and diving into the water especially at locations where the water is known to be shallow by means of railing or other physical barriers around the seawall; signage warning attendees at the event about the dangers of jumping or diving in at that or at any location; prohibiting such jumping and diving; promulgating and enforcing rules against

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131   HICKEY LAW FIRM, P.A.   TEL 305.371.8000   •   FAX 305.371.3542

jumping or diving into the ocean from the seawall surrounding the property; and having in place personnel to warn and prevent jumping and diving into the ocean from the seawall surrounding the property;

f.  Failure to require that the venue, the cruise line, or the organizer of the event provide reasonable and adequate alcohol service policies and practices; employee training; management systems; and risk assessment to assess the risks where a large group of young, single people drinking alcohol in large amounts are allowed and encouraged to jump and dive from a seawall into the ocean with various degrees of shallowness;

g.  Failure to otherwise provide reasonable and proper security and management of the subject event so as to prevent the large number of young people drinking an unlimited amount of alcohol and jumping and diving into the ocean in places including deceptively shallow places thus allowing, encouraging and causing the injury in this case.

h.  Failure to exercise reasonable care for the safety of its cruise passengers while at an event organized, sponsored, promoted, and overseen by the defendants;

i.  Failure to inspect the Cozumel Beach Party event and to understand and appreciate the circumstances of the event including but not limited to the fact that the event is composed of a large number of young, single adults who are provided an unlimited amount of alcohol and who are allowed and encouraged to engage in water sports including jumping and diving from the seawall surrounding the property into the ocean at places of various degrees of shallowness;

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131   HICKEY LAW FIRM, P.A.   TEL 305.371.8000   •   FAX 305.371.3542

j.  Failure to provide safety devices at the subject event, the Cozumel Beach Party, which includes but is not limited to railing or other physical barriers on the seawall to prevent people from jumping or diving in; warnings on the seawall to prevent people from jumping or diving in and to warn of shallow water and the dangers of jumping in at those spots; management and personnel on site who would actually prevent such water activities at an event and in a place where there is unlimited drinking provided to a large number of young adults; providing and enforcing rules, regulations, policies, and procedures which would prohibit either a large amount of drinking by young adults and/or engaging in water sports including jumping and diving from the seawall into shallow areas;

k.  Failure to hire, screen, train, and monitor personnel at or who were supposed to be managing the event itself or of organizing the event, which the SINGLECRUISE Defendants represent to be "professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience" but who failed to act as professional group cruise directors and thus fail to manage the subject event, manage the safety of the event, manage the drinking, manage the patrons, manage the activities, and otherwise provide for a reasonable and safe environment;

l.  Failure to warn the CARNIVAL and SINGLESCRUISE passengers including the Plaintiff herein about the hazardous nature of the water activities engaged in, promoted, and allowed at the subject events, either through verbal warnings, warnings in literature, warning signs, and/or physical barriers;

m.  Failure to institute and carry out reasonable safety inspection and maintenance procedures to ensure that the event is conducted in a reasonable and safe manner;

n.  Failure to prevent the accident described herein either by warning, physical barriers, enforcement of rules, choosing reasonable and appropriate venues, properly selecting, training and monitoring its own personnel at the site;

o.  Failure to account for inspection of the venue and the bar and location itself for the suitability of that location and excursion for a place where unlimited drinking is allowed, encouraged, and provided;

p.  Failure to determine, know of and inspect for the safety and insurance record and record of prior incidents of the subject excursion and/or location;

q.  Failure to determine the level of safety of the subject excursion before such location was chosen as a venue for the Cozumel Beach Party and before the CARNIVAL and SINGLESCRUISE defendants sent their passengers to this location;

r.  Failure to exercise control over the operator and/or owners and/or managers at the subject location SENOR FROGS at Cozumel, to ensure and provide a safe place and safe event for the CARNIVAL and SINGLECRUISE Defendant passengers;

s.  Failure to live up to the representations made by the SINGLESCRUISE Defendants in their literature and on their website including representations that it would provide "short tours with a variety of local third party native vendors who are extremely reputable and professional";

t.  Failure to provide an event "fully hosted by a team of professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience";

u.  Failure to require that this excursion and event be held only in a place which would provide for safety of its cruise passengers;

v.  Failure to warn its cruise passengers of the dangers that is that the physical venue itself and the circumstances of the event would be unsafe, that the water sports specifically would be unsafe; that the waters surrounding the seawall would be shallow and too dangerous to jump or dive in; that there would not be a physical venue appropriate for young, single people who have been furnished unlimited alcohol to drink and who are encouraged to jump or dive off of a seawall into waters of unknown and various depths; and that there would not be reasonable or sufficient management of the premises, the operations of the bar/entertainment complex, or of the event itself;

w.  Failure to prevent its cruise passengers from going on an excursion and event under dangerous conditions;

x.  Failure to prevent or stop the participation and dangerous activities such as jumping and diving in shallow areas, knowing that the CARNIVAL and SINGLESCRUISE passengers were participating in the subject excursion where there was unreasonably dangerous conditions and circumstances;

y.  Failure to properly and reasonably hire, screen, train, and monitor its employees, that is the bar/restaurant employees and the group cruise directors,

in controlling the activities of the CARNIVAL and SINGLESCRUISE passengers on the excursion;

z.  Failure to properly and reasonably monitor and control the activities of its cruise passengers on the excursion and event, especially in an area and on an event where the Defendants know to be an area with dangerous conditions;

aa. Failure to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the ones in this case and utilizing or allowing negligent method of operations;

bb. Failure to prevent or to stop ongoing, recurring, continuous and/or repetitive problems and conditions, and allowing such problems and conditions to remain, which problems and conditions would cause accidents or injuries at the subject event and location;

cc. Failure to choose, screen and/or inspect its excursion operator both initially at the beginning of the relationship and at periodic intervals, to ensure that the operators, in this case Senor Frogs restaurant, bar, and entertainment complex and the owners thereof provided a safe event taking in to account the totality of the circumstances of the event;

dd. Failure to provide a plan for emergency medical evacuation and/or emergency medical treatment from the venue or event if an accident of this type did occur;

ee. Failure to provide emergency medical treatment and/or evacuation of its cruise passengers if an emergency medical situation occurred at a venue or event such as the one in this case; and

ff. Failure to otherwise maintain a safe excursion and event, safe premises, and safe bar and entertainment operation.

141.   The negligence of the SENOR FROGS Defendants proximately caused the accident described herein and the injuries and damages resulting therein.   If not for this negligence, the accident would not have occurred.

142.   The accident, in turn, resulted in severe debilitating and permanent personal injury. The Plaintiff herein has suffered medical expenses, lost wages and loss of ability to earn income in the past and future and has suffered pain and suffering, loss of enjoyment of life, mental anguish, disability, disfigurement, permanent impairment in the past and in the future.

143.   SENOR FROGS is liable and responsible for its negligence in maintain such a dangerous condition upon its property and facility to warn its customers, including the Plaintiff.

**WHEREFORE,** the Plaintiff demands Judgment against the SENOR FROGS for the damages which include but are not limited to damages suffered as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical, psychological, and rehabilitation expense, expense of hospitalization, ongoing medical and psychological care, treatment, and rehabilitation, nursing care and treatment, loss of earnings, and loss of ability to earn money, both in the past and in the future, and all other damages which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest including pre-judgment and post judgment interest, and any and all other damages which the Court deems just or appropriate.

1401 BRICKELL AVE., STE. 510, MIAMI, FL 33131   HICKEY LAW FIRM, P.A.   TEL 305.371.8000   •   FAX 305.371.3542

## COUNT XII
## BREACH OF THIRD PARTY BENEFICIARY CONTRACT – SENOR FROGS DEFENDANTS AND SINGLESCRUISE DEFENDANTS

144.    The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 39, above.

145.    The SENOR FROGS Defendants and the SINGLESCRUISE Defendants have an ongoing business and contractual relationship.  That contractual relationship is evidenced by writings including a written agreement.  The Plaintiff does not have a copy of those writings or that written agreement.  The SENOR FROGS Defendants do have a copy of those writings and that written argument.

146.    The terms either expressed or implied of that contract include that the SENOR FROGS Defendants and the SINGLESCRUISE Defendants will provide a reasonably safe venue for the CARNIVAL and SINGLESCRUISE passengers, that the SENOR FROGS Defendants and the SINGLESCRUISE Defendants will assess the risk of danger on its premises, that these Defendants will warn of any dangers, and that these Defendants will prevent any such dangers.

147.    An intended beneficiary of the contract, written or oral, between SENOR FROGS Defendants and the SINGLESCRUISE Defendants are all of the SINGLESCRUISE Defendants passengers who attend the Cozumel Beach Party event, including the Plaintiff herein.

148.    The SENOR FROGS Defendants breached that contract by their failure to provide a safe premises; by their failure to provide a reasonably safe bar, restaurant, and activity center; and by failure to provide a reasonably safe event.  These failures constitute breaches of the third party beneficiary contract between the SENOR FROG Defendants and the SINGLESCRUISE Defendants.

149.    The SENOR FROGS Defendants and the SINGLESCRUISE Defendants breached this contract by their actions and conduct including but not limited to the following:

a.  Failure to reasonably and properly manage a group of young people which were provided "unlimited drinks for three and half solid hours" and a "waterslide directly into the ocean" and where other water activities such as jumping and diving is allowed, encouraged, and known to take place all during the day and on a regular basis;

b.  Failure to reasonably and properly monitor the activities at the Cozumel Beach Party event so as to know if and when individuals are impaired, inebriated, or under the influence of alcohol so as to prevent accidents and injuries especially where there are activities involving the water and ocean;

c.  Failure to assess the risks of accidents and injuries such as the accident in this case when organizing and promoting a party where there is a large collection of young people and where the bar offers "unlimited drinking for three and half solid hours" and a water slide and water activities where people are jumping and diving into the ocean from the seawall on the premises of the party;

d.  Failure to choose and provide an appropriate venue for the Cozumel Beach Party and failure to change to a more safe venue for that excursion from a venue in which there would be a risk of accidents and injuries as a result of diving into the ocean to a venue where there would be no such risk;

e.  Failure to require that the venue, the cruise line, or the organizer of the event put into place reasonable and appropriate measures to mitigate the risk of

injury such as preventing jumping and diving into the water especially at locations where the water is known to be shallow by means of railing or other physical barriers around the seawall; signage warning attendees at the event about the dangers of jumping or diving in at that or at any location; prohibiting such jumping and diving; promulgating and enforcing rules against jumping or diving into the ocean from the seawall surrounding the property; and having in place personnel to warn and prevent jumping and diving into the ocean from the seawall surrounding the property;

f.   Failure to require that the venue, the cruise line, or the organizer of the event provide reasonable and adequate alcohol service policies and practices; employee training; management systems; and risk assessment to assess the risks where a large group of young, single people drinking alcohol in large amounts are allowed and encouraged to jump and dive from a seawall into the ocean with various degrees of shallowness;

g.   Failure to otherwise provide reasonable and proper security and management of the subject event so as to prevent the large number of young people drinking an unlimited amount of alcohol and jumping and diving into the ocean in places including deceptively shallow places thus allowing, encouraging and causing the injury in this case.

h.   Failure to exercise reasonable care for the safety of its cruise passengers while at an event organized, sponsored, promoted, and overseen by the defendants;

i.   Failure to inspect the Cozumel Beach Party event and to understand and appreciate the circumstances of the event including but not limited to the fact

that the event is composed of a large number of young, single adults who are provided an unlimited amount of alcohol and who are allowed and encouraged to engage in water sports including jumping and diving from the seawall surrounding the property into the ocean at places of various degrees of shallowness;

j.   Failure to provide safety devices at the subject event, the Cozumel Beach Party, which includes but is not limited to railing or other physical barriers on the seawall to prevent people from jumping or diving in; warnings on the seawall to prevent people from jumping or diving in and to warn of shallow water and the dangers of jumping in at those spots; management and personnel on site who would actually prevent such water activities at an event and in a place where there is unlimited drinking provided to a large number of young adults; providing and enforcing rules, regulations, policies, and procedures which would prohibit either a large amount of drinking by young adults and/or engaging in water sports including jumping and diving from the seawall into shallow areas;

k.   Failure to hire, screen, train, and monitor personnel at or who were supposed to be managing the event itself or of organizing the event, which the SINGLECRUISE Defendants represent to be "professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience" but who failed to act as professional group cruise directors and thus fail to manage the subject event, manage the safety of

the event, manage the drinking, manage the patrons, manage the activities, and otherwise provide for a reasonable and safe environment;

l.  Failure to warn the CARNIVAL and SINGLESCRUISE passengers including the Plaintiff herein about the hazardous nature of the water activities engaged in, promoted, and allowed at the subject events, either through verbal warnings, warnings in literature, warning signs, and/or physical barriers;

m.  Failure to institute and carry out reasonable safety inspection and maintenance procedures to ensure that the event is conducted in a reasonable and safe manner;

n.  Failure to prevent the accident described herein either by warning, physical barriers, enforcement of rules, choosing reasonable and appropriate venues, properly selecting, training and monitoring its own personnel at the site;

o.  Failure to account for inspection of the venue and the bar and location itself for the suitability of that location and excursion for a place where unlimited drinking is allowed, encouraged, and provided;

p.  Failure to determine, know of and inspect for the safety and insurance record and record of prior incidents of the subject excursion and/or location;

q.  Failure to determine the level of safety of the subject excursion before such location was chosen as a venue for the Cozumel Beach Party and before the CARNIVAL and SINGLESCRUISE defendants sent their passengers to this location;

r.  Failure to exercise control over the operator and/or owners and/or managers at the subject location SENOR FROGS at Cozumel, to ensure and provide a safe

place and safe event for the CARNIVAL and SINGLECRUISE Defendant passengers;

s.  Failure to live up to the representations made by the SINGLESCRUISE Defendants in their literature and on their website including representations that it would provide "short tours with a variety of local third party native vendors who are extremely reputable and professional";

t.  Failure to provide an event "fully hosted by a team of professional group cruise directors who sail with you to ensure that you have a great time and fully enjoy your singles cruise experience";

u.  Failure to require that this excursion and event be held only in a place which would provide for safety of its cruise passengers;

v.  Failure to warn its cruise passengers of the dangers that is that the physical venue itself and the circumstances of the event would be unsafe, that the water sports specifically would be unsafe; that the waters surrounding the seawall would be shallow and too dangerous to jump or dive in; that there would not be a physical venue appropriate for young, single people who have been furnished unlimited alcohol to drink and who are encouraged to jump or dive off of a seawall into waters of unknown and various depths; and that there would not be reasonable or sufficient management of the premises, the operations of the bar/entertainment complex, or of the event itself;

w.  Failure to prevent its cruise passengers from going on an excursion and event under dangerous conditions;

x.  Failure to prevent or stop the participation and dangerous activities such as jumping and diving in shallow areas, knowing that the CARNIVAL and SINGLESCRUISE passengers were participating in the subject excursion where there was unreasonably dangerous conditions and circumstances;

y.  Failure to properly and reasonably hire, screen, train, and monitor its employees, that is the bar/restaurant employees and the group cruise directors, in controlling the activities of the CARNIVAL and SINGLESCRUISE passengers on the excursion;

z.  Failure to properly and reasonably monitor and control the activities of its cruise passengers on the excursion and event, especially in an area and on an event where the Defendants know to be an area with dangerous conditions;

aa. Failure to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the ones in this case and utilizing or allowing negligent method of operations;

bb. Failure to prevent or to stop ongoing, recurring, continuous and/or repetitive problems and conditions, and allowing such problems and conditions to remain, which problems and conditions would cause accidents or injuries at the subject event and location;

cc. Failure to choose, screen and/or inspect its excursion operator both initially at the beginning of the relationship and at periodic intervals, to ensure that the operators, in this case Senor Frogs restaurant, bar, and entertainment complex and the owners thereof provided a safe event taking in to account the totality of the circumstances of the event;

dd. Failure to provide a plan for emergency medical evacuation and/or emergency medical treatment from the venue or event if an accident of this type did occur;

ee. Failure to provide emergency medical treatment and/or evacuation of its cruise passengers if an emergency medical situation occurred at a venue or event such as the one in this case; and

ff. Failure to otherwise maintain a safe excursion and event, safe premises, and safe bar and entertainment operation.

150.    The breaches of contract caused the accident, in this case and the injury resulting therefrom.  The injuries which were the consequential damages include severe debilitating and permanent personal injury to the Plaintiff.  The Plaintiff herein has suffered medical expenses, lost wages and loss of ability to earn income in the past and future and has suffered pain and suffering, loss of enjoyment of life, mental anguish, disability, disfigurement, permanent impairment in the past and in the future.

151.    The SENOR FROGS Defendants are liable and responsible for the breaches of its contract with the SINGLESCRUISE Defendants for which the Plaintiff was an intended third party beneficiary.

152.    The SINGLESCRUISE Defendants are liable and responsible for the breaches of its contract with the SENOR FROGS Defendants for which the Plaintiff was an intended third party beneficiary.

**WHEREFORE,** the Plaintiff demands Judgment against the SENOR FROGS Defendants and the SINGLESCRUISE Defendants for breaches of third party beneficiary contract, the intended beneficiary of which are the CARNIVAL/SINGLESCRUISE Defendants passengers including the Plaintiff herein, and the consequential damages which include but are not limited to damages

suffered as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical, psychological, and rehabilitation expense, expense of hospitalization, ongoing medical and psychological care, treatment, and rehabilitation, nursing care and treatment, loss of earnings, and loss of ability to earn money, both in the past and in the future, and all other damages which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest including pre-judgment and post judgment interest, and any and all other damages which the Court deems just or appropriate.

HICKEY LAW FIRM, P.A.
Attorneys for Plaintiff
1401 Brickell Avenue, Suite 510
Miami, Florida 33131-3504
P: 305.371.8000
F: 305.371.3542

By:   /S/ John H. Hickey
        JOHN H. HICKEY