UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-21136-CIV ALTONAGA/SIMONTON

MICHAEL BELIK,

 Plaintiff,
v.

CARLSON TRAVEL GROUP, INC.,
et al.,

 Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL INTERROGATORY RESPONSE, AND GRANTING, IN PART, PLAINTIFF'S MOTION TO COMPEL PRODUCTION

This matter came before the Court upon Plaintiff's Motion to Compel Production of Documents Over Objections from Carnival Corporation (DE # 68) and Plaintiff's Motion to Compel Interrogatory Answers Over Objections from Carnival Corporation d/b/a Carnival Cruise Lines (DE # 69). Defendant Carnival Corporation ("Carnival") has filed Responses to both Motions (DE ## 76, 77), and Plaintiff has replied (DE ## 79, 80). The Honorable Cecilia M. Altonaga has referred all discovery motions in this case to the undersigned Magistrate Judge (DE # 24). On October 12, 2011, the undersigned held a hearing on Plaintiff's Motions (DE # 84). The undersigned ruled on Plaintiff's Motions at the hearing, stating the reasons for the rulings on the record. This Order sets forth these rulings and incorporates by reference the reasons for them stated at the hearing. As stated at the hearing, Plaintiff's Motion to Compel Production of Documents is granted, in part, and Plaintiff's Motion to Compel Interrogatory Answers is granted.

In this case, Plaintiff seeks damages from several Defendants due to bodily injuries suffered when he entered the water off of a seawall at the Senor Frog's bar and restaurant located on the international pier in Cozumel, Mexico, during a call at Cozumel while on a Carnival cruise (DE # 1). Plaintiff alleges various theories of negligence

against Carnival, in conjunction with theories of agency that would make Carnival liable for Plaintiff's accident at Senor Frog's.

The undersigned stated at the hearing that Plaintiff is generally entitled to discovery relating to other injuries that have occurred on the international pier in Cozumel, and documents that may show Carnival's control over the pier, in general; any agency relationship between Carnival and Defendant Carlson Travel Group, Inc., d/b/a SinglesCruise.com ("SinglesCruise"); and knowledge of dangerous activities at Senor Frog's, or with respect to the waters in which Plaintiff was injured.  In his discovery requests, Plaintiff seeks, *inter alia*, information concerning other accidents of Carnival passengers that occurred at the subject Senor Frog's.  Specifically, with respect to Plaintiff's Motion to Compel Interrogatory Answers, Plaintiff seeks, through Item # 7 of Plaintiff's Initial Interrogatories, the contact information for a Carnival passenger who reported having fallen on stairs inside this Senor Frog's.  Carnival argues that this passenger's injuries are dissimilar to those of Plaintiff and, therefore, not subject to discovery (DE # 77 at 3).  Plaintiff contends that this passenger may have other relevant information regarding Carnival's knowledge of dangerous activities occurring at Senor Frog's.  Carnival's argument raises a potential argument for trial admissibility, which does not preclude discovery of relevant facts.  Therefore, for the reasons stated at the hearing, Plaintiff's Motion to Compel Interrogatory Answers is granted.  Carnival shall respond to Item # 7 of Plaintiff's Initial Interrogatories on or before October 27, 2011.

With respect to Plaintiff's Motion to Compel Production of Documents, the undersigned ruled on the following items as numbered in Plaintiff's Initial Requests for Production ("RFP"), ordering production of the documents described below by Carnival on or before October 27, 2011:

**RFP Item # 8**

Plaintiff seeks to compel production of certain documents concerning the relationship between Carnival and the authority that manages the cruise port of Cozumel. For the reasons stated at the hearing, with respect to this Item, Plaintiff's Motion is granted to the extent that it calls for the production of contracts or agreements (and their related addenda) regarding the pier on which the subject Senor Frog's is located that were in effect at the time of the subject accident. Any financial information in such documents shall be held confidential and not used except in this case. If a party finds it necessary to reference these documents in a subsequent filing, that party shall redact financial information or file the documents containing the financial information in a separate filing under seal.

**RFP Item # 9**

Plaintiff seeks to compel production of certain documents evidencing any investigation by Carnival of SinglesCruise. These documents are relevant to the issue of whether an agency relationship exists between these Defendants and whether Carnival knew of dangers to which SinglesCruise exposed passengers. Moreover, Carnival has made no showing of any burden in producing these documents. Therefore, for the reasons stated at the hearing, with respect to this Item, Plaintiff's Motion is granted.

**RFP Item # 10**

Plaintiff seeks to compel production of documents comparable to those called for in Item # 9 above, but with respect to any investigation performed by Carnival of the Cozumel cruise port. For the reasons stated at the hearing, with respect to this Item, Plaintiff's Motion is granted, in part. Carnival shall produce documents with respect to Item # 10 limited to any investigation Carnival performed relating to passenger safety or recreational activities on the Cozumel port property.

**RFP Item # 13**

Plaintiff seeks to compel production of documents relating to agreements or contracts in effect between Carnival and the authority that manages the Cozumel cruise port that were in effect at the time of the incident at issue.  The parties agreed at the hearing that the ruling above concerning Item # 8 should applied to Item # 13 as well.  Therefore, the undersigned's ruling with respect to Item # 8 shall be applied this Item.

**RFP Items # 33, 34 and 35**

These three Items were addressed together at the hearing.  They call for accident reports and related documents regarding accidents at the subject Senor Frog's for the five years before the incident at issue (Item # 33); more broadly, any data from any Carnival database regarding certain unsafe or dangerous activities at the subject Senor Frog's for the same time period (Item # 34);  and documents similar to Item # 34, but for any incidents occurring after the accident (Item # 35).  For the reasons stated at the hearing, with respect to each of these Items, Plaintiff's Motion is granted.  If Carnival seeks to claim privilege with respect to any of these materials, it shall provide a privilege log.  If Carnival's privilege claims relate to reports that are not a part of Plaintiff's action, Carnival shall provide the legal basis for broadening privilege protections to include such reports.

**RFP Item # 38**

The parties indicated at the hearing that the dispute with regard to this Item was resolved prior to the hearing.

**RFP Item # 39**

Plaintiff seeks to compel production of the purser's logs for the five years before the incident at issue for vessels that have called at Cozumel.  For the reasons stated at the hearing, with respect to this Item, Plaintiff's Motion is granted, in part.  Production of

documents shall be limited to complaints about the subject pier, and shall be limited to the three years prior to the incident at issue.

**RFP Item # 41**

Plaintiff seeks to compel production of certain materials relating to Carnival's investigation of conditions at the cruise port of Cozumel. The parties conferred during the hearing and agreed that the undersigned's ruling with respect to Item # 10 addresses their dispute with regard to this Item. Therefore, the undersigned's ruling with respect to Item # 10 shall apply to this Item.

**RFP Item # 42**

This Item calls for documents regarding financial and related account transactions between Carnival and SinglesCruise resulting from SinglesCruise's guests' travel with Carnival for the five years prior to the incident at issue. Plaintiff is entitled to explore the financial relationship between Carnival and SinglesCruise. Therefore, for the reasons stated at the hearing, with respect to this Item, Plaintiff's Motion is granted, in part. The documents shall be limited to those from 2009 and 2010, up to the time of the incident at issue. Carnival shall provide documents that reflect revenues received, the reasons for such receipt, when revenues were received, and the number of passengers related to such transactions. Carnival shall provide documents reflecting this information, in the form in which Carnival maintains such information, but Carnival need not provide duplicative information.

**RFP Item # 43**

Plaintiff seeks to compel production of memoranda and other communications among Carnival and its employees regarding (a) passenger visits to Senor Frog's, (b) Cozumel safety, and (c) issues relating to excessive drinking of passengers, generally, at any port. For the reasons stated at the hearing, with respect to this Item, Plaintiff's

**Motion is granted, in part. First, Carnival's production shall be limited to the three years preceding the incident at issue, and to requested materials that were generally distributed to Carnival employees or subsets of Carnival employees, as opposed to specific emails between or among certain employees. With respect to (a), Carnival shall produce the requested documents as they relate to activities of Carnival passengers at the subject Senor Frog's in Cozumel. With respect to (b), production shall be limited to those relating to port safety, as opposed to the broader category of Cozumel safety. With respect to (c), the undersigned finds that, to the extent that the request calls for such documents that relate to excessive drinking, generally, the request is overbroad, and shall be limited to excessive drinking in relation to Cozumel or to ships that dock at Cozumel.**

**RFP Item # 44**

The parties indicated at the hearing that the dispute with regard to this Item was resolved prior to the hearing.

**RFP Item # 48**

The parties indicated at the hearing that the dispute with regard to this Item was resolved prior to the hearing.

**RFP Item # 49**

Plaintiff seeks to compel production of certain records relating to Carnival passenger comments or complaints for the five years prior to the incident that reference Cozumel, the subject Senor Frog's or SinglesCruise. For the reasons stated at the hearing, with respect to this Item, Plaintiff's Motion is granted, in part. The production of documents shall be limited to three years prior to the subject incident, and shall be further limited to those concerning accidents or injuries (a) that occurred on the

international pier property or adjacent waters, or (b) that occurred at the subject Senor Frog's, or (c) to SinglesCruise passengers in Cozumel.

**RFP Item # 50**

With regard to this Item, which seeks documentation of action Carnival took to verify Cozumel port safety, the parties agreed at the hearing that their dispute was resolved by the undersigned's ruling with respect to Item # 10. Therefore, the undersigned's ruling with respect to Item # 10 shall apply to this Item.

**RFP Item # 51**

Plaintiff seeks to compel production of documents distributed to passengers regarding ports of call, available at any time on any ship. For the reasons stated at the hearing, with respect to this Item, Plaintiff's Motion is granted, in part. Carnival shall produce any of the requested documents that reference the port of Cozumel, for three years prior to the subject incident. With respect to website pages, however, production shall be limited to one year prior to the subject incident.

**RFP Item # 53**

Similar to Item # 42, this request calls for account documents regarding transferred funds between Carnival and any SinglesCruise-related Defendant concerning booked trips on Carnival for the three years prior to the subject incident. The parties agreed at the hearing that the undersigned's ruling with respect to Item # 42 should apply. Therefore, the undersigned's ruling with respect to Item # 42 shall apply to this Item.

**RFP Item # 55**

Plaintiff seeks to compel production of certain materials concerning passenger complaints or comments about the subject Senor Frog's for the five years prior to the subject incident. The undersigned notes that this request is generally overbroad. In

addition, the purser's records, to be produced pursuant to Item # 39, will provide responsive documents. To the extent, however, that the customer service division of Carnival has an email system organized in such a way that a search of customer service messages with regard to this request could be reasonably executed, Carnival shall perform such a search, but it shall be limited to accidents or injuries regarding the subject Senor Frog's. If emails, however, are part of the purser's records produced as noted above, this search shall not be required, and the documents will be considered produced. Finally, if reports have been generated based on complaints or comments as limited herein, such reports shall be produced. Therefore, for these reasons and others stated at the hearing, with respect to this Item, Plaintiff's Motion is granted, in part.

**RFP Item # 56**

With regard to this request, which concerns Guest Comment Forms or Passenger Comment Forms, the parties indicated at the hearing that they have resolved their dispute.

**RFP Item # 60**

This request calls for studies by Carnival as to whether to call or continue to call at Cozumel. The parties agreed at the hearing that the undersigned's ruling with respect to Item # 10 should apply. Therefore, the undersigned's ruling with respect to Item # 10 shall apply to this Item.

**RFP Item # 65**

Plaintiff seeks to compel production of copies of certain Carnival web pages that reference Cozumel for the five years before the subject incident. For the reasons stated at the hearing, with respect to this Item, production shall be limited to the three years prior to the subject incident. If Carnival finds that production of responsive documents

is unduly burdensome, it shall confer with Plaintiff regarding the scope of this Item, and then seek relief from the Court, if necessary.

RFP Item # 67

This request calls for Carnival newsletters for the five years prior to the subject incident. The parties indicated at the hearing, however, that they had resolved their dispute with regard to this Item.

Therefore, upon a review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Production of Documents Over Objections from Carnival Corporation (DE # 68) is **GRANTED, IN PART, AND DENIED, IN PART**, as detailed in the body of this Order. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Interrogatory Answers Over Objections from Carnival Corporation d/b/a Carnival Cruise Lines (DE # 69) is **GRANTED**, as detailed in the body of this Order.

**DONE AND ORDERED** in Miami, Florida, on October 17, 2011.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:

The Honorable Cecilia M. Altonaga,
    U.S. District Judge
Counsel of Record